Luis A. VICTOR, Petitioner-Appellant,

v.

STATE of Iowa, Respondent-Appellee.

No. 2–69042.

Court of Appeals of Iowa.

Aug. 30, 1983.

---

Francis C. Hoyt, Jr., Appellate Defender, Des Moines, for petitioner-appellant.

Thomas J. Miller, Atty. Gen. and Joseph P. Weeg, Asst. Atty. Gen., for respondent-appellee.

Considered by OXBERGER, C.J., and DONIELSON, SNELL, SCHLEGEL and HAYDEN, JJ.

DONIELSON, Judge.

Petitioner appeals from the dismissal without hearing of his application for postconviction relief. Petitioner asserts that genuine issues of material fact were raised in the petition and that an evidentiary hearing should have been held. The State argues that petitioner's application was properly dismissed since the record clearly indicated that petitioner was not entitled to postconviction relief. We affirm the postconviction court's dismissal.

I.

Petitioner pleaded guilty to a charge of willful injury as a result of a plea bargain arrangement in which the State agreed to reduce the original charge, which was for attempted murder, in exchange for the guilty plea. Petitioner challenged the guilty plea proceeding on direct appeal, contending that his plea was not made voluntarily and knowingly, and that he had received ineffective assistance of counsel. The supreme court rejected his challenge to the guilty plea proceeding, finding that his guilty plea was made knowingly and voluntarily, however, it reserved petitioner's claim of ineffective assistance of counsel for postconviction proceedings. *See State v. Victor,* 310 N.W.2d 201 (Iowa 1981).

Petitioner filed an application for postconviction relief asserting that he was denied effective assistance of counsel in the following particulars: (1) the trial court failed to select a Spanish-speaking attorney or provide an interpreter; (2) trial counsel failed to ascertain to what extent petitioner's intoxication played a role in the commission of the offense; (3) trial counsel failed to warn of the penal consequences of petitioner's guilty plea; (4) trial counsel failed to secure a plea bargain that protected petitioner's best interests; and (5) trial counsel failed to explain, prior to sentencing, the motion in arrest of judgment requirement. Petitioner also alleged that newly-discovered evidence existed, consisting of indications that petitioner was under the influence of drugs at the time the crime was committed. The State filed a resistance asserting that the newly-discovered evidence must have been known to petitioner at the time the guilty plea was entered, and that his other claims were directly contradicted by the record. The postconviction court dismissed the application without an evidentiary hearing. Petitioner appeals from this dismissal.

II.

Under Iowa law, a postconviction court may dismiss an application for postconviction relief if the record indicates that

the petitioner is not entitled to postconviction relief. Iowa Code section 663A.6 provides in pertinent part that:

> When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to postconviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for dismissal. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed.... Disposition on the pleadings and record is not proper if a material issue of facts exists.

As is evident from the code section reproduced above, the principle underlying summary judgment procedures under Iowa Rules of Civil Procedure 237 through 240 is applicable to summary disposition of postconviction proceedings. "Whether a genuine issue of material fact exists, so as to preclude summary disposition turns on whether reasonable minds could draw different inferences and reach different conclusions from them" *Boge v. State,* 309 N.W.2d 428, 430 (Iowa 1981). We point out that summary disposition is proper in situations where petitioner's allegations are directly contradicted by the record, unless petitioner has raised a legitimate question concerning the credibility of that record. *See State v. Boge,* 252 N.W.2d 411, 414 (Iowa 1977). Bare allegations are insufficient to overcome the strong presumption that the record is a true and accurate reflection of what transpired. *Id.*

In the present case, petitioner alleges that he was denied effective assistance of counsel in several particulars. The record directly contradicts each of his allegations, however. Petitioner argues that his defense was compromised by the fact that his counsel could not speak Spanish, and the fact that petitioner has a limited understanding of English. Petitioner also alleges that counsel failed to warn him of the penal consequences of a guilty plea. A review of the record, however, reveals the following colloquy:

> THE COURT: And have you explained to the Defendant the essentials of the offense with which he is charged?
>
> MR. BARTMANN: I have, Your Honor.
>
> THE COURT: And do you believe he understands them?
>
> MR. BARTMANN: I certainly do.
>
> THE COURT: And does he further understand his right to remain silent, he doesn't have to plead at this time if he doesn't want to?
>
> MR. BARTMANN: Yes. I explained that to him as well as the other rights prior to arriving here today.
>
> THE COURT: Luis A. Victor, your attorney has on your behalf entered a plea of guilty to the charge that you did commit the crime of Willful Injury contrary to Sec. 708.4 of the Code in that you did, on December 30, 1979, without justification stab Nancy Nauman with the intent, and causing serious injury to her person. Is this your plea?
>
> DEFENDANT: Yes, Sir.
>
> THE COURT: Did Mr. Bartmann tell you what the maximum penalty attached to this offense is?
>
> DEFENDANT: Yes, Your Honor.
>
> THE COURT: What did he say it was?
>
> DEFENDANT: It was ten years, Sir.
>
> THE COURT: And did he say whether there was any minimum sentence? Did he advise you that if you have been convicted of a previous forceable felony that you are not eligible for parole till you have served one half the maximum sentence? Did he tell you that?
>
> DEFENDANT: Yes, Sir.

We note from the record that petitioner has attended one year of college in Panama, and has served seven years in the United States Army. We also point out that petitioner's claimed difficulty with the English language did not sway the supreme court on direct appeal when it held that petitioner's guilty plea was entered voluntarily,

knowingly, and intelligently. *State v. Victor,* 310 N.W.2d at 202–204.

Petitioner alleges that counsel was ineffective for failing to consider the extent to which petitioner's intoxication contributed to the commission of the offense. Once again, the record indicates otherwise, as can be seen from the following colloquy:

THE COURT: Then, you tell me what you did to make you think that you are guilty of anything.

DEFENDANT: Sir, the time of the incident I was drinking, you know, like—

THE COURT: What was the incident? What happened?

DEFENDANT: I don't know what was happening because I was drinking so much of that liquor that I was all mixed up, and I was angry and everything seemed so confused to me. And I don't really remember what happened completely. But, I try my best to deal with the situation, but it seems that I couldn't deal with it due to the fact I was drinking.

THE COURT: Did you tell Mr. Bartmann about the fact that you were all mixed up at the time? Did you tell Mr. Bartmann that? Do you know that I'm saying?

DEFENDANT: Yes, Sir.

THE COURT: Did you tell Mr. Bartmann?

DEFENDANT: Yes, Sir.

THE COURT: That you had been drinking; that you couldn't remember what happened?

DEFENDANT: Right, Sir.

THE COURT: And did he tell you that he felt it was in your best interests to accept the deal offered by the County Attorney anyhow? Do you understand what I mean by that? Did he say he thought it was the best thing for you to do was go ahead and plead guilty if they would just charge you with Willful Injury?

DEFENDANT: Yes, Sir.

THE COURT: And were you satisfied with that advise: Do you think this is the best thing for you to do?

DEFENDANT: I think it is the best thing for me to do, Sir.

We briefly point out that diminished capacity due to voluntary intoxication does not always vitiate specific criminal intent. Intoxication does not absolve one of responsibility if sufficient capacity is maintained to form the requisite intent, or if the intent was formed prior to the actor's intoxication. See Uniform Jury Instruction No. 210. While we must resist the temptation to Monday morning quarterback counsel's performance, we do note that the minutes of testimony indicate that petitioner threatened the victim prior to his attack, a fact which would limit the applicability of a defense based upon petitioner's intoxication.

Petitioner alleges that counsel failed to inform him about the necessity of filing a motion in arrest of judgment. Whether or not counsel did so inform him cannot be ascertained from the record, however, the record makes it plain that no prejudice to petitioner resulted. Prior to accepting petitioner's guilty plea, the trial court informed petitioner that any challenge to a plea of guilty based upon alleged defects in the plea proceeding must be raised via a motion in arrest of judgment, that the motion had to be made within 45 days, and that failure to raise such a challenge precludes the right to raise the issue on appeal. More important, petitioner has had alleged defects in the guilty plea proceeding reviewed on direct appeal. Petitioner is not entitled to relief absent a showing that he has been prejudiced by counsel's alleged error. *Snethen v. State,* 308 N.W.2d 11, 14 (Iowa 1981).

Petitioner alleges that trial counsel failed to secure a plea bargain which was in petitioner's best interest. This allegation is entirely without merit. The record shows that petitioner was originally charged with attempted murder, a class B felony. The minutes of testimony indicate that the whole scenario, in which petitioner threatened and then attacked his paramour with a screwdriver, could be detailed by eyewit-

ness accounts. To say that the State had a strong case would be an understatement. In exchange for a plea of guilty, the State agreed to reduce the charge to willful injury, a class C felony. Based upon the record, it would be impossible to conclude that counsel did not fully and adequately discuss the plea bargain with petitioner, or that he failed to secure a bargain which was in the best interests of his client.

### III.

█ Finally, we address petitioner's claim that his claim of the existence of newly-discovered evidence warranted an evidentiary hearing. Iowa Code section 663A.2(4) provides that an individual who has been convicted for a public offense may seek relief if there is evidence of material facts, previously not presented, which would require vacating the conviction. An applicant alleging this ground for postconviction relief must show 1) that the evidence was not discovered until after judgment; 2) that the evidence could not have been discovered earlier through the exercise of due diligence; 3) that the evidence is material to the issue; and 4) that it would likely change the result if a new trial is granted. *Jones v. Scurr,* 316 N.W.2d 905, 907 (Iowa 1982). In the present case, petitioner's "new" evidence is the fact that he was under the influence of drugs at the time he attacked his paramour. We agree with the State that this "evidence" was readily available to petitioner at the time he entered his guilty plea. The postconviction court correctly dismissed petitioner's application for postconviction relief on this ground.

### IV.

For the reasons stated in the preceding two divisions of this appeal, we affirm the postconviction court's dismissal of petitioner's application for postconviction relief.

AFFIRMED.