**William Dale ARNOLD, Appellant,**

**v.**

**STATE of Iowa, Appellee.**

**No. 94–1166.**

Supreme Court of Iowa.

Nov. 22, 1995.

Patrick W. O'Bryan, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Thomas G. Fisher, Jr., Assistant Attorney General, Mary E. Richards, County Attorney, and Christopher Cooklin, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and CARTER, NEUMAN, SNELL, and TERNUS, JJ.

CARTER, Justice.

Postconviction applicant, William Dale Arnold, who had pursued both a direct appeal and an earlier postconviction application challenging the same conviction now at issue, appeals from summary disposition of a second postconviction application. The court of appeals reversed the district court's summary disposition of Arnold's application. That summary disposition had been premised on the district court's conclusion that, in resisting the State's motion for summary judgment, Arnold had not adequately demonstrated why the grounds for relief now being urged had not been presented in the earlier postconviction proceeding. We agree with the district court that such a preliminary showing on Arnold's part was required by Iowa Code section 822.8 (1995) and was not satisfactorily made. We therefore vacate the decision of the court of appeals and affirm the district court's order dismissing Arnold's application.

Arnold pleaded guilty in March of 1991 to the crime of criminal mischief in the second degree in violation of Iowa Code section 716.4 (1991). In that plea, he admitted that he had vandalized the home of George and Candace Strawn in Ames on November 1, 1990. Circumstances admitted by this guilty plea indicate that Arnold had sprayed the Strawn home with black paint, broken windows in the house, and had disconnected its electric power.

At the sentencing hearing, the State presented evidence that Arnold had once worked for George Strawn at the computation center operated by Iowa State University. Strawn had terminated Arnold's employment because of poor performance. George Strawn testified that shortly after Arnold's termination he had informed Strawn that he was "already dead." George and Candace Strawn both testified that they later received numerous anonymous phone calls threatening them with harm. They attributed these calls to Arnold. Phone records presented at the sentencing hearing tended to corroborate that Arnold had made the calls. Although the State recommended that Arnold be granted probation, the district court sentenced him to an indeterminate five-year prison term.

Arnold appealed the conviction entered on his guilty plea, contending that the district court, in considering the Strawns' testimony at time of sentencing, improperly relied on unprosecuted and unproven charges. He also claimed on his direct appeal that his trial counsel had been ineffective in several particulars. On January 6, 1992, this court affirmed Arnold's conviction in an unpublished opinion. We rejected the claims concerning improper sentencing considerations without prejudice to the assertion of Arnold's ineffective-assistance-of-counsel claims in an application for postconviction relief.

On January 28, 1992, Arnold filed an application for postconviction relief, alleging ineffective assistance of counsel with respect to his guilty plea and sentencing. Specifically, he alleged counsel failed to (1) defend against the State's mention of anonymous telephone calls, (2) disclose depositions, (3) check on certain dates of events, (4) check on Arnold's suggestions for obtaining testimony from favorable witnesses, (5) defend against false allegations made at the sentencing hearing, (6) submit information regarding the probation officer's investigation, (7) defend against allegations of the threatening phone calls to the Strawns, and (8) properly prepare a psychiatrist for expert testimony. In addition, Arnold claimed that his counsel demonstrated an overall lack of interest in his case. Following an evidentiary hearing, the postconviction court entered detailed findings in which it concluded that Arnold's trial counsel had provided competent representation. The postconviction application was dismissed. Arnold's application for appointment of counsel to appeal that decision was denied because it was made more than thirty days following the judgment.

Arnold filed the present application for postconviction relief on March 25, 1994. It asserts that his counsel at the guilty plea proceeding was ineffective in allowing him to plead guilty when he was heavily medicated. It also asserts that the prosecutor was guilty of misconduct in agreeing to recommend probation but then offering evidence that aggravating circumstances were involved in Arnold's commission of the offense. Finally, Arnold asserts in the latest postconviction application that the charge, which had been reduced from first-degree criminal mischief to second-degree criminal mischief, should have, in compliance with the plea bargain, been reduced to third-degree criminal mischief.

The State filed a motion for summary adjudication of Arnold's second postconviction application, asserting, among other grounds, that he was unable to demonstrate why the grounds now urged had not been presented in the earlier postconviction application as required by section 822.8. The court scheduled a hearing on that motion on June 6, 1994, and the record reflects that this hearing was held. The proceedings were not reported. The record further reflects that, although Arnold had filed no resistance to the State's motion for summary judgment prior to the June 6 hearing, the court extended the time for such resistance until June 10. A detailed, although unverified, resistance to the motion was filed on June 8. That resistance recited the circumstances of the guilty plea hearing, the sentencing hearing, and the prior postconviction relief proceeding. It concluded from the circumstances discussed and from Arnold's interpretation of events that Arnold had not voluntarily or intelligently waived the three grounds upon which his second application for postconviction relief was based. The district court, in granting the motion for summary judgment, observed that the applicant had provided the court with

> no evidence in the form of affidavits or otherwise, indicating the circumstances as to why these grounds were not raised in the original application. More is needed at this juncture than merely the statement that the applicant did not voluntarily or intelligently waive the three issues presented.

■ In his argument to the court of appeals and to this court, Arnold contends that, because the district court dismissed his application without the benefit of a recorded hearing, it is unclear how that court determined that there remained no genuine issues of material fact. He urges that a recorded hearing was required by Iowa Code section 822.7 (1995), which provides that:

> The application shall be heard in, and before any judge of the court in which the conviction or sentence took place. However, if the applicant is seeking relief under section 822.2, subsection 6, the application shall be heard in, and before any judge of the court of the county in which the applicant is being confined. *A record of the proceedings shall be made and preserved.*

(Emphasis added.) The court of appeals gave a favorable reception to this argument and concluded that summary disposition hearings should be recorded to allow adequate appellate review of allegations pertain-

ing to the performance of postconviction counsel. We disagree.

We are convinced that the language in section 822.7, which we have italicized, has reference to evidentiary hearings on the merits of the claim. The extent to which hearings on motions for summary judgment should be reported in whole or in part will vary according to the circumstances of each individual case. We find no circumstance in the present case that required the hearing to be recorded. We must assume from what transpired that the State orally argued the legal merits of its motion. The applicant was advised that he had not made timely resistance to the motion and was granted additional time within which to do so. That resistance was prepared in writing and filed of record two days after the hearing. Clearly, the district court's rulings were based on the undisputed facts concerning the prior proceedings, the contentions in the State's motion, and the contentions in defendant's written resistance. Very little of this material was evidentiary in nature but, rather, was the expression of each party's view concerning the legal consequences of prior proceedings. The failure to record the June 6 proceedings provides no basis for granting Arnold's release.

■ Our inquiry does not end at this point. We must also consider whether the record reveals any genuine issues of material fact sufficient to defeat a grant of summary judgment. We recognized in *Foster v. State,* 395 N.W.2d 637, 638 (Iowa 1986), that ordinarily allegations of ineffective assistance of counsel that involve facts outside the record will require an evidentiary hearing. Arguably, that is the situation in the present case. When the State seeks to avoid full trial of the relevant facts by a motion for summary judgment, the burden normally rests with the moving party to establish the absence of material factual issues. We are convinced, however, that, where the claim of ineffective assistance of counsel is not the basis for relief from conviction but rather a proffered excuse for not having raised a particular claim for relief, the applicant bears the initial burden to satisfy the requirements of section 822.8. If the State files a motion for sum-

mary judgment calling upon the applicant to disclose its proof on the section 822.8 requirement, it becomes necessary to provide specific facts rather than mere legal conclusions.

■ In response to the State's motion for summary judgment, Arnold was required to show that his newly stated grounds for relief were not raised in his prior application because counsel representing him at that time acted below the range of normal competency. His resistance fell short of the mark in this regard.

■ Our cases recognize that, when an applicant's assertions concerning the knowing and intelligent nature of a guilty plea are directly contradicted by the record, the applicant bears a special burden to establish that the record is inaccurate. *Earnest v. State,* 508 N.W.2d 630, 632 (Iowa 1993); *Victor v. State,* 339 N.W.2d 617, 619 (Iowa App.1983). In the formal record compiled with respect to Arnold's guilty plea, the court sought to establish that he was sufficiently free from the influence of any drug that the validity of the plea was not in doubt. Arnold fully cooperated with respect to these inquiries. Based on his answers, there did not appear to be any problem in this regard. Similarly, with respect to the terms of the charge reduction portion of the plea bargain, the record leaves no doubt that the plea was to be entered to the crime of second-degree criminal mischief. Faced with this record, it is impossible to conclude that counsel representing Arnold on his first postconviction application did not act within the range of normal competency in failing to raise these issues.

The issue is perhaps less clear with respect to the claim involving the Strawns' prejudicial testimony at the sentencing hearing. We conclude, however, that, given the strong desire of these two crime victims to address the court, it was highly unlikely that this information could have been kept out of the sentencing proceeding. It was very likely less damaging to Arnold to have it presented, as it was, in question and answer form, thus giving him a right to lodge objections and to cross-examination than if the Strawns had simply provided a narrative victim impact

statement as was their right under Iowa Code section 910A.5 (1991).

We are satisfied that a challenge to the Strawn evidence at time of sentencing was not likely to have been a winning point had it been presented on Arnold's previous postconviction application. We therefore cannot conclude that a reasonable trier of fact could have found that Arnold's former postconviction counsel was ineffective for failing to urge this point. As we have recognized on direct appeals of criminal convictions, "counsel must be discerning in the determination of those issues to be presented on appeal with an idea of presenting the most effective argument for the client." *Stringer v. State*, 522 N.W.2d 797, 799 (Iowa 1994). We conclude that the same principle holds true in presenting applications for postconviction relief. We have considered all issues presented and conclude that the district court correctly disposed of Arnold's most recent application by way of summary disposition. The decision of the court of appeals is vacated, and the judgment of the district court is affirmed.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**