## IN THE COURT OF APPEALS OF IOWA

No. 3-1239 / 12-2292
Filed March 12, 2014

**MICHAEL MEEKER,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.
_____

　　　Appeal from the Iowa District Court for Hamilton County, James C. Ellefson, Judge.

　　　Michael Meeker appeals from the dismissal of his application for postconviction relief alleging ineffective assistance of trial counsel at his guilty plea; he also argues ineffective assistance of postconviction counsel prevented him from preserving all of his claims. **AFFIRMED.**

　　　Mark C. Smith, State Appellate Defender, Robert P. Ranschau, Assistant Appellate Defender, for appellant.

　　　Thomas J. Miller, Attorney General, Benjamin M. Parrott, Assistant Attorney General, and Patrick Chambers, County Attorney, for appellee State.

　　　Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**POTTERFIELD, P.J.**

Michael Meeker appeals from the dismissal of his application for postconviction relief. He argues trial counsel was ineffective when counsel allowed him to submit a guilty plea to second-degree murder without a sufficient factual basis and while his mental state rendered his plea involuntary. He further argues on appeal that postconviction counsel was ineffective in failing to raise the claim that trial counsel was ineffective in not correcting the guilty-plea record after the court failed to inform him of the second-degree murder element of malice aforethought. We affirm.

## I.   Facts and Proceedings.

Michael Meeker was charged by trial information in 2009 with first-degree murder of a child and child endangerment resulting in the death of a fifteen-month-old child. During pretrial depositions, Meeker agreed to plead guilty to second-degree murder, pursuant to a plea agreement. On October 28, 2009, a guilty-plea hearing was held. The court engaged Meeker in a colloquy to determine whether his plea was knowing, voluntary, and intelligent, but referred to the elements of the original charge of murder of a child, including extreme indifference to human life, rather than to the elements of second-degree murder, including malice aforethought. In response to questioning, Meeker admitted to losing his temper and hitting the child on the head multiple times resulting in the child's death. The court accepted Meeker's guilty plea to the amended charge of second-degree murder.

Meeker did not file a motion in arrest of judgment, and did not directly appeal from these proceedings. He filed an application for postconviction relief

on October 7, 2011. He argued the factual basis for his plea was improperly established by his attorney, rather than the court and his plea was not voluntary due to his consumption of medication and isolation in jail. A hearing on the application was held October 3, 2012. Meeker and his guilty-plea counsel testified as to the events surrounding the guilty plea. The court took judicial notice of the criminal file, including a transcript of the guilty plea proceedings. The court denied the application, finding a factual basis for the crime of second-degree murder in Meeker's admissions and crediting the testimony of guilty-plea counsel regarding Meeker's mental state.

## II. Analysis.

We review ineffective-assistance-of-counsel claims de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

### A. Elements of Second-Degree Murder.

Meeker argues the trial court erred in its recitation of the elements of second-degree murder at his guilty-plea hearing. He did not file a motion in arrest of judgment nor a direct appeal and did not raise this claim in his application for postconviction relief. Meeker now proceeds under the rubric of ineffective assistance of postconviction counsel, a statutory claim, which can be raised for the first time on appeal and which will be decided where the record is adequate to address the claim. *Dunbar v. State*, 515 N.W.2d 12, 14–15 (Iowa 1994).

At the guilty plea hearing, the court told Meeker that second-degree murder was any murder not constituting first-degree murder, and proceeded to read him the original charges against him for first-degree murder of a child. The

parties agree the court failed to advise Meeker of the element of malice aforethought required for the amended charge of second degree murder.

> If a plea is not intelligently and voluntarily made, the failure by counsel to file a motion in arrest of judgment to challenge the plea constitutes a breach of an essential duty. To enter a guilty plea voluntarily and intelligently means the defendant has a full understanding of the consequences of a plea. The overriding question is whether defendant, on the whole record, understood the elements of the crime and the nature of the charge against him.

*State v. Philo*, 697 N.W.2d 481, 488 (Iowa 2005) (internal citations and quotation marks omitted). Meeker argues his counsel provided ineffective assistance when he allowed Meeker to plead guilty without informing him of the element of malice aforethought, but acknowledges that this claim was not raised in the postconviction proceeding. Meeker then necessarily frames his argument in terms of ineffective assistance of his postconviction counsel, who failed to raise this issue during the postconviction proceedings. "Ineffectiveness of postconviction relief counsel constitutes 'sufficient cause' . . . to excuse an applicant's failure to adequately raise [the] issue in prior proceedings." *Dunbar v. State*, 515 N.W.2d 12, 14–15 (Iowa 1994).

We review claims of constitutionally ineffective assistance of counsel de novo. *See State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). "The right to counsel under [our postconviction relief statute] necessarily implies that counsel be effective." *Dunbar*, 515 N.W.2d at 14. The same ineffective-assistance-of-counsel analysis applies to postconviction counsel as to trial counsel. *Id.*; *see also*

*Schertz v. State*, 380 N.W.2d 404, 412 (Iowa 1985) ("The same standards that we apply to trial counsel competency also apply to subsequent counsel, and the

client bears the same burden of proof to establish the ineffectiveness of counsel.").

To prevail, Meeker has the burden to prove both (1) counsel breached an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The claim fails if either element is lacking. *Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008).

Because Meeker's claim involves two levels of ineffective counsel—at guilty plea and then at postconviction hearing—Meeker must demonstrate two levels of prejudice. First, Meeker must show he was prejudiced by postconviction counsel's deficiency such that the outcome of the postconviction hearing would have been favorable to Meeker if counsel had raised the claim. *See Dunbar*, 515 N.W.2d at 16. Because information on a necessary element of second-degree murder is critical to a voluntary and intelligent plea, guilty-plea counsel should have corrected the record. Iowa R. Crim. P. 2.8(2)(b)(1); *see also State v. Hallock*, 765 N.W.2d 598, 604 (Iowa 2009) (trial court's failure to inform defendant of mandatory parole period for crime rendered plea involuntary).

However, Meeker must also show that but-for his guilty-plea counsel's error in allowing him to plead without the court's explanation of the elements of second-degree murder, he would not have pleaded guilty but instead proceeded to trial. *Straw*, 709 N.W.2d at 135; *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (holding that to show counsel was ineffective in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial").

This separate prejudice requirement is, as a practical matter, problematic since there is no opportunity in this procedural posture for the taking of evidence when the issue is raised for the first time on appeal. Here, Meeker does not make even the conclusory allegation he would have insisted on a trial on the original count of first-degree murder of a child rather than accept the favorable plea agreement. It is his burden to prove this prejudice. *Lockhart*, 474 U.S. at 60.

Meeker makes no claim he would have insisted on a trial if he had been advised of the element of malice aforethought. Meeker has failed to prove his claim of ineffective assistance of guilty-plea counsel regarding the element of malice aforethought.

*B. Factual Basis.*

We agree with the postconviction court that a factual basis existed for the plea and therefore guilty-plea counsel had no duty to object to the court's acceptance of the plea. "On a claim that a plea bargain is invalid because of a lack of accuracy on the factual-basis issue, the entire record before the district court may be examined." *Finney*, 834 N.W.2dat, 62. "Our cases do not require that the district court have before it evidence that the crime was committed beyond a reasonable doubt, but only that there be a factual basis to support the charge." *Id.* This includes the minutes of testimony. *Id.* The postconviction court considered the record, including Meeker's statements in court, and noted:

> Striking an adult with a fist may establish the necessary intent or malice aforethought. *State v. Baratta*, 49 N.W.2d 866, 869–70 (Iowa 1951); *State v. Sayles*, 155 N.W. 837, 839 (Iowa 1916). Striking a 15-month-old child in the head more than once with a fist, as Mr. Meeker admitted in his plea colloquy, even more clearly establishes an adequate factual basis for the intent, or malice aforethought, element.

Our law is clear; Meeker has failed to prove his plea lacked a factual basis in the record—his counsel therefore had no duty to advise him not to plead guilty. *See Finney*, 834 N.W.2d at 54–55 ("It is a responsibility of defense counsel to ensure that a client does not plead guilty to a charge for which there is no objective factual basis . . . no advice to plead guilty would be considered competent absent a showing of a factual basis to support the crimes to which the accused has elected to plead guilty.").

### C. Medication and Voluntary Plea.

Before receiving Meeker's plea, the court asked Meeker whether he was under the influence of any substance that would prevent him from knowingly and voluntarily entering his guilty plea. Meeker responded he was not. "[W]hen an applicant's assertions concerning the knowing and intelligent nature of a guilty plea are directly contradicted by the record, the applicant bears a special burden to establish that the record is inaccurate." *Arnold v. State*, 540 N.W.2d 243, 246 (Iowa 1995).

At the hearing on his application for postconviction relief, Meeker testified he had attempted suicide, was not in his right mind due to his "lengthy pre-plea solitary incarceration," and that he was taking mental health medication that rendered his decision-making "fuzzy." Meeker entered records into evidence and presented a printout of the potential side effects of the medication. The mental

health records did not indicate Meeker made a suicide attempt prior to the sentencing. Nor did Meeker present expert testimony that he actually experienced the side effects of the medication. The postconviction court stated:

> Page six of the presentence investigation notes that, "The Defendant was using marijuana daily by 14. By 16, he was using methamphetamine. He has also used cocaine and psychedelics." Later on the same page, this note appears: "The Defendant reports he was having auditory hallucinations while using methamphetamine. He apparently has been diagnosed with a psychosis and is on medication. Although he has taken this for only a short time, he feels this is helpful." This is evidence that Mr. Meeker may have had drug-induced mental issues at some time prior to the plea, but it offers no support for a claim that he was suffering from such problems at the time of the plea. In fact, contrary to his claim, the note that he "is on medication" and that "although he has taken this for only a short time, he feels this is helpful," both suggest that in the general time period of the plea proceeding, his thinking was being assisted by medications.

Upon our de novo review of the record, we agree with the district court. Meeker's guilty plea counsel did not fail to perform an essential duty by failing to raise this meritless issue.

Meeker has failed to prove any of his claims of ineffective assistance of counsel.

**AFFIRMED.**