# IN THE COURT OF APPEALS OF IOWA

No. 22-1690
Filed August 30, 2023

**CHRISTOPHER DEE NALL,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.


    The applicant appeals the district court's denial of his request for postconviction relief concerning his convictions for eluding and harassment. **AFFIRMED.**


    Erin Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

    Brenna Bird, Attorney General, and Thomas E. Bakke and Aaron Rogers, Assistant Attorneys General, for appellee State.


    Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**SCHUMACHER, Presiding Judge.**

Christopher Nall appeals the district court's denial of his request for postconviction relief (PCR) concerning his convictions for eluding and harassment. He claimed he received ineffective assistance because defense counsel permitted him to plead guilty when his pleas were not knowing and voluntary. We conclude Nall has not shown counsel's performance was deficient or that he was prejudiced by counsel's performance. Accordingly, we affirm the decision of the district court.

## I.      Background Facts & Proceedings

Nall was charged in AGCR342423 with driving while barred, in violation of Iowa Code section 321.561 (2021), as a habitual offender, and eluding, in violation of section 321.279(2). He was charged in AGCR348827 with harassment in the first degree, in violation of section 708.7(2). He was on probation for previous convictions at the time of the new charges.

Nall entered into a comprehensive plea agreement, pursuant to which he pled guilty to first-degree harassment and eluding. He also stipulated that he violated his probation. The charge of driving while barred was dismissed. The written plea agreement provided:

> The sentences imposed on AGCR348827 and AGCR34[2]423[1] shall run consecutive to one another and consecutive to the sentences for which Defendant is currently on probation for a total aggregate sentence of 7 years across all matters.[2] All sentences will be suspended and the Defendant will be continued on probation.

---

[1] This portion of the plea agreement mistakenly refers to AGCR34*3*423, rather than AGCR342423. The caption of the document refers to the correct case number. This typographical error does not change any part of our analysis.

[2] Nall was previously convicted of two domestic abuse assault cases, which carried sentences of two years and one year. The convictions for first-degree harassment and eluding each carried a sentence of two years. Nall was sentenced to consecutive terms for a total of seven years.

The plea agreement also states, "Consecutive means one disposition after another for a longer term and concurrently means dispositions would run at the same time."

The court accepted the plea agreement and sentenced Nall in accordance with the terms of the agreement. Subsequently, Nall signed a stipulation that he violated his probation. The stipulation states the parties jointly recommended that "[p]robation be revoked and original sentence be imposed 7 years in prison." Nall was sentenced to consecutive sentences, for a total term of imprisonment not to exceed seven years.

On February 10, 2022, Nall filed a PCR application. He claimed he received ineffective assistance because defense counsel permitted him to plead guilty when his plea was not knowing and voluntary.

At the PCR hearing, Nall testified he did not know the difference between concurrent and consecutive sentences at the time he signed the plea agreement. He stated, however, that he knew the plea agreement was for seven years in prison. He also testified that he thought he was going to a substance-abuse treatment facility rather than prison. Nall claimed he would not have pled guilty if he knew he would be spending seven years in prison.

In a deposition, defense counsel stated Nall wanted to avoid going to prison and the plea agreement accomplished that goal by giving him a suspended seven-year sentence. Defense counsel testified:

> Q. And when he agreed to the seven years, was that 7 consecutive sentencing or concurrent sentencing? A. Everything was consecutive.
> Q. Do you think he understood that? A. I'd imagine so. In reviewing my file, I note that I talked to him five times, which was—is frankly quite a lot for how many times I talk to my clients.

. . . .

> Q. Do your notes reflect whether you discussed the whole concurrent/consecutive issue with him? A. I don't have notes from all the meetings. . . . The text of the plea was clear. The text of the stipulation that he signed was clear as to the sentence.

Defense counsel stated, "My ordinary practice would certainly be to discuss consecutive and concurrent with him."

The district court denied Nall's PCR application. The court found, "The Petitioner claims he did not understand the word 'consecutive.' However, he clearly understood when he pled guilty to AGCR342423 and AGCR348827, he was agreeing to recommend a seven-year sentence. He was sentenced in accordance to his understanding." The court determined Nall did not show counsel breached an essential duty. The court also found Nall did not show he was prejudiced, as he "was sentenced in a manner exactly as he requested." Nall appeals the denial of his PCR application.

## II.     Standard of Review

We review de novo claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, an applicant must prove: (1) counsel failed to perform an essential duty and (2) the failure resulted in prejudice. *State v. El-Amin*, 952 N.W.2d 134, 138 (Iowa 2020). "We presume counsel performed competently unless the claimant proves otherwise by a preponderance of the evidence." *State v. Booth-Harris*, 942 N.W.2d 562, 577 (Iowa 2020). When there has been a guilty plea, to show prejudice an applicant must establish that "there is a reasonable probability that, but for counsel's error he or she would not have pleaded guilty and

would have insisted on going to trial." *Horton v. State*, 966 N.W.2d 663, 666 (Iowa Ct. App. 2021) (citation omitted).

### III. Ineffective Assistance

Nall claims he received ineffective assistance because defense counsel did not ensure that his guilty pleas were knowing and voluntary. He states defense counsel should have fully explained the difference between concurrent and consecutive sentences. Nall testified he would not have pled guilty and would have gone to trial if he knew he would be sentenced to a seven-year term of imprisonment.

The district court found Nall's claims were not credible. The court found Nall's "assertion is puzzling and contrary to all the evidence, including the Petitioner's own testimony." The written plea agreement provided, "The sentences imposed on AGCR348827 and AGCR34[2]423 shall run consecutive to one another and consecutive to the sentences for which Defendant is currently on probation for a total aggregate sentence of 7 years across all matters." The stipulation to probation violation, again signed by Nall, recommended the "original sentence be imposed 7 years in prison." At the PCR hearing, Nall testified he knew his sentence would be for seven years.

As part of the plea agreement, Nall agreed to consecutive sentences for a total of seven years in prison. The written plea agreement also explained the difference between consecutive and concurrent sentences. "Plea bargains are akin to contracts." *State v. Beres*, 943 N.W.2d 575, 582 (Iowa 2020).

We agree with the district court's conclusion that Nall's claims that he did not understand the terms of the written plea agreement are not credible. The terms

of the written plea agreement are not ambiguous. Even if Nall did not entirely understand the meaning of the word "consecutive," he was aware the recommendation was for a term of imprisonment not to exceed seven years.

"[W]hen an applicant's assertions concerning the knowing and intelligent nature of a guilty plea are directly contradicted by the record, the applicant bears a special burden to establish that the record is inaccurate." *See Arnold v. State*, 540 N.W.2d 243, 246 (Iowa 1995). Nall has not met this burden. We conclude Nall has not shown counsel's performance was deficient or that he was prejudiced by counsel's performance. We affirm the decision of the district court.

**AFFIRMED.**