# IN THE COURT OF APPEALS OF IOWA

No. 23-1383
Filed September 18, 2024

**BRANDON JOSEPH CHRISTOPHER SEIM,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Wapello County, Crystal S. Cronk,

Judge.

Brandon Seim appeals the denial of his application for postconviction relief.

**AFFIRMED.**

Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

Brenna Bird, Attorney General, and Bridget A. Chambers (until withdrawal)

and Joseph D. Ferrentino, Assistant Attorneys General, for appellee State.

Considered by Badding, P.J., Sandy, J., and Telleen, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2024).

**TELLEEN, Senior Judge.**

Brandon Seim appeals the denial of his application for postconviction relief, arguing the district court wrongly rejected his claim that criminal trial counsel was ineffective in relation to his guilty plea.

## I.    Background Facts and Proceedings

In 2011, Seim was charged by trial information with first-degree murder. He initially pled not guilty. Shortly before trial was scheduled to take place in February 2014, Seim entered a guilty plea to the lesser-included offense of second-degree murder. At the plea hearing, Seim acknowledged his understanding of the consequences of his plea and agreed that he had an opportunity to review the minutes of testimony and that the minutes were accurate.

A few weeks later, Seim filed a letter with the court requesting that his plea be withdrawn and his privately-retained counsel, Benjamin Bergmann, be removed from the case. Bergmann then moved to withdraw and asked for appointment of the special defense unit of the public defender's office.[1] The court granted both requests and appointed Jason Dunn and Jill Eimermann from the special defense unit. A hearing on Seim's request to withdraw his plea was held in April. At that hearing, Dunn told the court that he and Eimermann advised Seim to "withdraw his request to take back his plea" and proceed to sentencing, with which Seim agreed. Seim confirmed his agreement with that advice on the record.

In the coming weeks, however, Seim filed two letters with the court. In the first, Seim requested that his attorneys be removed from the case and he be

---

[1] The special defense unit had previously represented Seim for a portion of the proceeding before he retained private counsel.

allowed to represent himself. In the second, Seim repeated his request for self-representation and added that he wanted to "appeal the plea decision." The court denied the requests made in the first letter but later ordered that the requests made in the second letter be addressed at sentencing. At the sentencing hearing, the court gave Seim an opportunity to elaborate on his second letter. Seim explained he knew there was enough evidence to convict him but stated he "tend[s] to bounce between . . . one decision and another" on whether he wants to plead guilty. Once the court advised Seim he would have appeal rights, however, Seim said he didn't want the court to do anything in relation to his letter. When specifically asked whether he wanted to withdraw his plea, Seim answered in the negative. Ultimately, Seim was adjudged guilty of second-degree murder and sentenced to prison.

On direct appeal, Seim argued "his counsel rendered constitutionally deficient performance by allowing [him] to plead guilty to second-degree murder without a factual basis supporting the element of 'malice aforethought.'" *State v. Seim*, No. 14-0845, 2015 WL 409220, at *1 (Iowa Ct. App. Jan. 28, 2015). We found a sufficient factual basis and affirmed. *See id.*

Seim filed an application for postconviction relief in 2017. Relevant to this appeal, Seim argued he received ineffective assistance of counsel in relation to his guilty plea. Specifically, Seim alleged "counsel coerced him into accepting a plea bargain by threatening a greater sentence because of the felony murder rule," which rendered his plea involuntary.

A hearing on the application was held in February 2023. When Bergmann was asked in his testimony whether Seim was "threatened or coerced into taking

the plea," he answered: "No way." Bergmann went on to explain he covered all of the aspects of the plea with Seim—"the factual basis, the waiver of constitutional rights, the maximum and minimum penalties." Eimermann testified her and Dunn's assessment of the case and evidence after they were reappointed was that Seim would be convicted of first-degree murder if he proceeded to trial, so their advice was that he not withdraw his plea to second-degree murder. Eimermann testified Seim was not coerced into abandoning his motion to withdraw his guilty plea. In his testimony, Dunn concurred with Eimermann that the facts of the case had "all the makings of" murder in the first degree, so "murder two was a good result for him in this case." Because Dunn didn't think it was going to get any better for Seim, it was his "advice to keep his plea."

Seim testified he thought he should have been allowed to withdraw his guilty plea and he had "very little working knowledge of the court system" at the time he pled guilty. When Seim was asked whether he was "coerced or threatened to take the plea deal," he said that Dunn wouldn't let him see any of the State's evidence until he decided whether he was going to plead guilty or proceed to trial.[2] After being advised that it was in fact Bergmann who was his attorney when he pled guilty, Seim said Bergmann never pressured him to plead guilty. Seim also agreed Bergmann provided competent representation. Later, Seim said he agreed with Dunn and Eimermann's advice to abandon his motion to withdraw his guilty plea. Seim testified his goal on postconviction relief was "to get anything less than what I have now as far as sentencing and time I have to serve goes." In his post-hearing

---

[2] As noted above, however, Seim had previously agreed at the plea hearing that he had a chance to review the minutes of testimony.

brief, Seim argued that Dunn provided ineffective assistance when he "prevented [him] from withdrawing his guilty plea."

The district court ultimately denied postconviction relief, and this appeal followed.[3]

## II.      Standard of Review

Appellate review of the district court's denial of an application for postconviction relief alleging ineffective assistance of counsel is de novo.  *See Sothman v. State*, 967 N.W.2d 521, 522 (Iowa 2021).

## III.      Discussion

A claim of ineffective assistance of counsel requires proof that (1) counsel failed to perform an essential duty and (2) prejudice resulted.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018).  We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief."  *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (citation omitted).

On appeal, Seim argues "trial counsel did not clearly explain to [him] the consequences of his felony guilty plea"; he did "not understand the consequences of his guilty plea" as a result; "[h]e lacked the capacity to understand the nature of the proceedings"; and, therefore, "the plea is not knowing and intelligent as [is] constitutionally required."  He also argues "he was pressured by . . . Dunn to go through with the guilty plea."

---

[3] The district court's ruling offered essentially no analysis.  Seim does not complain about the district court's brevity on appeal.

In the district court, Seim only targeted Dunn as ineffective. He likewise only specifically mentions Dunn's performance on appeal. Yet his claim that he did not understand the consequences of the plea rendering it "not knowing and intelligent" only concerns the representation provided by Bergmann. Because Seim agreed in the district court that Bergmann provided competent representation, his claims on appeal relating to the entry of the plea itself are waived and not preserved. In any event, Seim's "assertions concerning the knowing and intelligent nature of [the] guilty plea are directly contradicted by the record." *See State v. Arnold*, 540 N.W.2d 243, 246 (Iowa 1995). The record made at the plea hearing clearly supports a conclusion that the plea was knowingly and voluntarily made, and Seim has not met his "special burden to establish that the record is inadequate." *Id.*

That leaves us with Seim's claim that Dunn pressured him into going through with the guilty plea. Both Eimermann and Dunn testified they advised Seim to proceed with the guilty plea because, based on their assessment of the evidence, that was his only option for avoiding a conviction for first-degree murder and life in prison. Seim has not argued, let alone shown, that this advice fell outside the normal range of competence demanded of criminal counsel. *See State v. Carroll*, 767 N.W.2d 638, 642 (Iowa 2009). And, on our independent review, we find the advice was reasonable. In doing so, we reject Seim's allegation that his attorneys pressured or coerced him into abandoning his motion to withdraw his plea. Furthermore, Seim's burden to show prejudice in the guilty plea context required proof of "a reasonable probability of a different outcome had the breach not occurred; *i.e.*, that but for counsel's breach of duty, the party seeking relief

would not have pled guilty and would have elected instead to stand trial." *Id.* at 644. While Seim complains he was pressured into abandoning his motion to withdraw his plea, he has never claimed that he would have taken the case to trial if he hadn't been pressured. And, on our review, we find no reasonable probability that he would have. This is really just a case of buyer's remorse, which "is insufficient to merit relief." *Crasper v. State*, No. 16-0595, 2017 WL 51948, at *2 (Iowa Ct. App. Feb. 8, 2017).

Finding no breach or prejudice, we affirm the denial of Seim's application.

**AFFIRMED.**