# IN THE COURT OF APPEALS OF IOWA

———————————

No. 24-2061
Filed February 25, 2026

———————————

**Douglas Matthew Moore,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

———————————

Appeal from the Iowa District Court for Henry County,
The Honorable Shane M. Wiley, Judge.

———————————

**AFFIRMED**

———————————

Denise M. Gonyea of McKelvie Law Office, Grinnell, attorney for
appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Greer, P.J., Schumacher, J., and Bower, S.J.
Opinion by Greer, P.J.

**GREER, Presiding Judge.**

Douglas Moore appeals the denial of his postconviction relief (PCR) application, following his conviction of assault with intent to commit sexual abuse in violation of Iowa Code section 709.11(3) (2022), an aggravated misdemeanor. Moore was sentenced to two years in prison, lifetime sex offender registration, and ten years of special parole under section 903B.2. He argues ineffective assistance of counsel, claiming his plea counsel failed to (1) advise him of the consequences of his plea, particularly the ten-year special parole, (2) seek a binding plea agreement, and (3) file a motion in arrest of judgment. Because Moore did not meet his burden to show ineffective assistance of counsel, we affirm.

## I. Background Facts and Proceedings.

In February 2023, Moore was charged with one count of sexual abuse in the third degree, a class "C" felony in violation of Iowa Code sections 709.1 and 709.4(1)(a) for forcing a sex act on the victim. Moore and the State reached a nonbinding plea agreement, and he pled guilty to assault with intent to commit sexual abuse, an aggravated misdemeanor, in violation of sections 709.11(3), 692A.106, and 903B.2. The agreement recommended a two-year suspended prison sentence, two years of supervised probation, a lifetime sex offender registry requirement, and special parole for ten years pursuant to section 903B.2. At the sentencing hearing both parties advocated for the agreed-upon terms. The court accepted the written plea by written order and later, at a sentencing hearing, imposed a two-year prison sentence with credit for time served, lifetime sex offender registry requirement, and special parole for ten years under section 903B.2.

Moore filed several pro se motions to correct an illegal sentence, all of which were denied.  Then, in 2024, Moore applied for PCR and a trial was held.  The PCR court denied his application.  Moore appeals.

## II.  Error Preservation.

The State contests error preservation of Moore's third claim that his plea counsel failed to file a motion in arrest of judgment.  The State concedes Moore raised all issues below at the PCR hearing but claims the court did not consider or decide the claim involving plea counsel's failure to file a motion in arrest of judgment.  Under this third challenge, Moore argued that the trial court erred by not explaining the maximum and mandatory minimum punishment that might result from the guilty plea and thus, his trial attorney should have filed a motion in arrest of judgment.

To preserve issues for appellate review they "must ordinarily be both raised and decided by the district court before we decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).  The PCR court found

> [Moore] essentially argues that his attorney and the sentencing judge failed to inform of the consequences of his guilty plea to the crime of Assault with Intent to Commit Sexual Abuse, an aggravated misdemeanor. His major issue relates to his sentencing to the "special sentence" provided for in Iowa Code Section 903B.2.  The court finds that the Application is without merit and denies the relief that is seeks.
>
> Iowa Rule of Criminal Procedure 2.8(4) allows for written guilty pleas to serious misdemeanors, aggravated misdemeanors, and nonforcible class "D" felonies.  A written plea is permissible so long as it:
>
>> (a) Demonstrates the defendant has been informed of and understands the matters set forth in rule 2.8(2)(b)(1)–(9).

(b) Discloses and acknowledges the terms of any plea agreement, which shall also be acknowledged by the State.

(c) Informs the defendant that any challenges to the guilty plea based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to raise such challenges precludes or the right to assert them on appeal.

The court's review of the "Written Waiver of Rights & Plea of Guilty" filed May 19, 2023, suggests that . . . [Moore] was fully informed upon entering his plea. The document contains the information required under 2.8(4)(a). The plea agreement is addressed on page 5 of the written guilty plea with the State's "Plea Proposal" attached. The handwritten portion of the guilty plea <u>and</u> the plea proposal each refer to the ten-year special sentence (903B.2).[1] Finally, the 2.8(4)(c) requirements are met at the top of page three with the Applicant initialing below the portion informing him of the need to file a motion in arrest of judgment to challenge the plea proceeding.

Then, the court found that the plea was binding and denied Moore's PCR application in its entirety.

Upon review, the PCR court did not specifically identify each and every specific issue raised at the PCR hearing. Instead, the PCR court focused most of the ruling on Moore's issue that his trial counsel was ineffective for failing to advise him of the consequences of his plea, particularly the ten-year special parole, and not his counsel's failure to file a motion in arrest of judgment. But while the court may have generalized all of Moore's specific arguments, it did decide that he was informed of the consequences of his plea after reviewing the detailed written waiver of rights

---

[1] Moore signed the written plea toward the bottom of page 4 and directly to the left of the handwritten terms of the plea agreement.

and plea of guilty. So, without specifically deciding whether error was preserved, we decide to proceed to the merits.

### III. Standard of Review.

Because PCR applications that allege ineffective assistance of counsel implicate constitutional rights, our review is de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

### IV. Analysis.

On appeal Moore argues his plea counsel provided ineffective assistance of counsel because his attorney failed to (1) explain the consequences of the ten-year special parole sentence under section 903B.2, (2) seek a binding plea agreement, and (3) file a motion in arrest of judgment. To establish ineffective assistance of counsel, Moore must show both that "(1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (citation omitted).

Failure to perform an essential duty is shown by proving that counsel "perform[ed] below the standard demanded of a reasonably competent attorney." *State v. Haas*, 930 N.W.2d 699, 703 (Iowa 2019) (citation omitted). We strongly presume "that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (citation omitted).

Prejudice is established by "showing that counsel's errors were so serious as to deprive the [claimant] of a fair trial, a trial whose result is

reliable." *Strickland*, 466 U.S. at 687. Moore must show by "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

We address each of Moore's ineffective-assistance-of-counsel claims in turn.

**A. Plea Consequences.** Moore argues his trial counsel failed to explain "the relevant circumstances of his guilty plea" to him and thus he was not fully informed. Prior to accepting a guilty plea, the court must establish the defendant's plea was made knowingly and voluntarily, including that the defendant was aware of "[t]he mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered." Iowa R. Crim. P. 2.8(2)(b)(2). To satisfy this requirement a defendant may sign a written document demonstrating to the court that the defendant understands the procedures set forth in rule 2.8(2)(b)(1)–(4). Iowa R. Crim. P. 2.8(2)(b)(5); *see also State v. Sutton*, 853 N.W.2d 284, 294 (Iowa Ct. App. 2014) (discussing requirements for written guilty pleas).

The record shows Moore was informed of the plea agreement terms along with the potential sentence. He signed a written plea agreement that referred to the ten-year special sentence under section 903B.2. The plea agreement included a waiver of rights and specifically set out the range of punishment related to the level of the charge. In the court order accepting his plea agreement, the district court found "he fully underst[ood] the consequences of his plea." The court also noted that under the plea agreement he would receive "special parole for 10 years pursuant to Iowa Code 903B.2." Moore's only evidence that he was uninformed was his personal testimony at the PCR trial. He claimed that he did not learn of the

ten-year special parole under 903B.2 until after arrival at the correctional facility to serve his sentence. This claim is further contradicted by the record.

At the sentencing hearing the State stated in specific terms the details of the plea agreement. Then, Moore's plea attorney stated, "[Moore] understands that the probation would be initially for two years, and after that there's another ten-year special parole, and any violation could result in being brought to court, revocation of the suspended sentence, and once that probation ends, also, there could be issues with regards to parole."

The sentencing court informed Moore that he was

> sentenced to a special sentence, under 903B.2, committing you to the custody of the director of the Iowa Department of Corrections for a period of 10 years, with eligibility for parole. The special sentence imposed under that section shall commence upon completion of the sentence imposed. Under any applicable criminal sentence provision for the underlying criminal offense, the person shall begin the sentence under supervision as if on parole or work release.

Moore's claim he was unaware of the potential consequences of the agreement prior to his plea is unsupported by the record. *See Doss v. State*, 961 N.W.2d 701, 713–14 (Iowa 2021) (rejecting a defendant's "claim that he was misled by his counsel and later blindsided by the" special parole agreements because it did "not ring true in light of everything that was said at sentencing"). "[W]hen an applicant's assertions [in postconviction proceedings] concerning the knowing and intelligent nature of a guilty plea are directly contradicted by the record, the applicant bears a special burden to establish that the record is inaccurate." *Arnold v. State*, 540 N.W.2d 243, 246 (Iowa 1995). Moore has not met this burden; the record clearly supports the conclusion that his plea was knowingly and voluntarily made.

Because Moore cannot prove counsel's failure to perform an essential duty, this claim fails.

**B. Binding Plea Agreement.** Moore next claims ineffective assistance of counsel for his attorney's failure to enter a binding plea agreement under Iowa Rule of Criminal Procedure 2.10. Trial courts have "broad but not unlimited" discretion in choosing whether to accept a guilty plea. *State v. Hager*, 630 N.W.2d 828, 833 (Iowa 2001). If a plea agreement is conditioned on the concurrence of the court in parties' sentencing agreement, "the court may accept or reject the agreement, or may defer its decision as to acceptance or rejection until receipt of a presentence report." Iowa R. Crim. P. 2.10(2). If the court accepts a plea agreement conditioned on the court's concurrence, then the court must impose the sentence in that agreement or a sentence more favorable to the defendant. Iowa R. Crim. P. 2.10(3).

Moore's trial counsel explained his reasoning for not pursuing a binding plea agreement. He testified that the binding pleas under rule 2.10 were not common in the area and he "kn[e]w some judges don't like it." Additionally, there was "generally a reluctance of the judges in [the] area to accept them," and he did not know if it would have been accepted by the county attorney. Moore presented no evidence to the contrary.[2]

Moore failed to show that the State would have offered a binding plea deal. *See Russell v. State*, No. 10-2079, 2013 WL 2371207, at *3 (Iowa Ct. App. May 30, 2013) (holding no ineffective assistance of counsel in part when there was "no indication in the record that the prosecutor had any inclination

---

[2] The PCR court also indicated in the order denying the PCR application, that although he was recently appointed, he was unaware of judges in the area allowing plea agreements that bound the court.

to offer a better plea deal to" the defendant). Nor did Moore present any evidence that the court would have accepted a plea conditioned on approval from the court. And it was not a "choice" by plea counsel because a binding plea agreement also required that the State accept that term, which it had not in its plea proposal. Thus, Moore failed to prove that but for his counsel's "choice" to not pursue a binding plea agreement, the outcome of the proceedings would have been different. Because Moore failed to prove prejudice, we affirm on this issue.

**C. Motion in Arrest of Judgment**. Finally, Moore claims that his "trial counsel failed to file a motion in arrest of judgment once it was clear that [he] was not properly informed of the consequences of the plea." Specifically, Moore contends that he was not "informed of the maximum possible punishment that might result from his plea." As discussed above, the record shows that he was informed of the consequences of his plea. Filing a motion in arrest of judgment on the claim that he was not properly informed would not have changed the result of the proceedings because Moore was properly informed. We affirm because Moore fails to prove prejudice on this issue.

**V. Conclusion.**

All of Moore's ineffective-assistance-of-counsel claims fail. Moore failed to prove counsel's failure to perform an essential duty to inform him of his potential consequences under section 903B.2. He could not prove prejudice on his remaining two issues of counsel's failures to seek a binding plea agreement or to file a motion in arrest of judgment. Thus, we affirm.

**AFFIRMED.**