Jeremiah E. COLLINS, Appellant,

v.

STATE of Iowa, Appellee.

No. 97–1077.

Supreme Court of Iowa.

Dec. 23, 1998.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, Victoria Siegel, County Attorney, and Ron Kelly, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and TERNUS, JJ.

LARSON, Justice.

This is an appeal from the district court's summary dismissal of Jeremiah Collins' application for postconviction relief asserting ineffective assistance of counsel. We vacate the decision of the court of appeals, reverse the judgment of the district court, and remand to the district court for disposition of the application on its merits.

### I. *Facts and Underlying Procedures.*

The procedural background is not disputed. Collins pled guilty to third-degree burglary (Iowa Code sections 713.1 and 713.6A) in Appanoose County on December 26, 1995. He pled guilty to second-degree theft (Iowa Code sections 714.1 and 714.2) in Wapello County on January 5, 1996. The same defense attorney represented Collins in both cases, and the same judge took Collins' pleas in both the Appanoose and Wapello County cases. At the Wapello County plea hearing, the court, mindful of the earlier plea in Appanoose County, engaged in this colloquy:

THE COURT: Mr. Kelly [assistant Wapello County attorney], is there any coordination on the plea agreements regarding the other charges?

MR. KELLY: None that I'm aware of, Your Honor, not part of the plea agreement anyway. I think he has hopes but [it has] not been [discussed] in the plea negotiations.

THE COURT: What is the plea agreement?

MR. KELLY: Just plead to the charge is the substance of the plea agreement.

THE COURT: Mr Neary?

MR. NEARY [Defense counsel]: That's correct, Your Honor, with the addition that there are other admissions made by the defendant regarding other burglaries that occurred in Wapello County or other counties and he's admitted to law enforcement officers, and *those wouldn't be prosecuted. Also that the sentencing here would be concurrent with that imposed in other counties,* expectation that the defendant will in fact be ordered or sentenced to a term of imprisonment.

MR. KELLY: *I have no objection with that if that's Mr. Neary's understanding. We had talked about earlier the chance of not filing further charges in any that he has admitted to. We won't file further charges.*

I guess it depends which sequence, which county goes first, but I have no objection to running ours concurrent if we're the last one or after the others. We may be the first for all I know.

THE COURT: This is not a Rule 9 plea, is it?

MR. KELLY: No.

MR. NEARY: No.

THE COURT: Mr. Collins, you've heard what your lawyer said and the county attorney said about the plea negotiations and agreement, did you not?

THE DEFENDANT: Yes, sir.

THE COURT: Is that also your understanding of the negotiations and agreement?

THE DEFENDANT: Yes.

(Emphasis added.)

Iowa Rule of Criminal Procedure 9 establishes procedures with respect to plea agreements. If a plea agreement has been reached, the court is to require the disclosure of the agreement at the time the plea is offered. Iowa R.Crim. P. 9(2). If the agreement is conditioned on the concurrence of the court, the court may immediately accept or reject the agreement, or the court may defer that decision until receipt of the presentence investigation report. *Id.*

If the plea agreement is conditioned on the court's acceptance and the court does accept it, the court shall inform the defendant that the agreement, or a more favorable disposition, will be embodied in the judgment. Iowa R.Crim. P. 9(3). If the court rejects the agreement, it is to so inform the parties and give the defendant an opportunity to withdraw his plea. The court shall advise the defendant that if he persists in pleading guilty, the ultimate disposition may be less favorable than that contemplated by the agreement. Iowa R.Crim. P. 9(4). Rule 9 requires the defendant to be advised that a plea agreement does not bind the court.

At sentencing, Collins' lawyer again requested that the Appanoose and Wapello County sentences run concurrently, and the assistant county attorney said he did not object to concurrent sentences. The district court, however, ordered the sentences to run consecutively. The court advised Collins of his right to appeal the sentences within thirty days, but he did not appeal.

On November 17, 1996, Collins filed a pro se application for postconviction relief. He alleged the State violated a plea agreement that the sentences would run concurrently. He did not allege that his trial counsel was ineffective. On Collins' request, the court appointed an attorney to represent him in the postconviction proceeding. This lawyer, however, did not amend the application to claim ineffective assistance of trial counsel.

The State contended the plea agreement was not a "rule 9" plea that would be binding on the court, and in any event, Collins waived any objection by failing to file either a motion in arrest of judgment or an appeal. The State moved to dismiss Collins' application for postconviction relief, and the court granted it. Collins appealed, raising for the first time the issue of ineffective assistance of counsel. The court of appeals affirmed, concluding that Collins' trial counsel had not provided ineffective assistance because the transcript, the court believed, showed that Collins was aware that the court was not bound by any plea agreement.

## II. *Standard of Review.*

Ordinarily, we review a postconviction proceeding for errors at law. *Jones v. State*, 545 N.W.2d 313, 314 (Iowa 1996). However, we review ineffective-assistance-of-counsel claims under a de novo standard. *State v. Breuer*, 577 N.W.2d 41, 44 (Iowa 1998); *State v. Allison*, 576 N.W.2d 371, 373 (Iowa 1998). We review an ineffective-assistance-of-*postconviction*-counsel claim under a de novo standard of review as well. *Osborn v. State*, 573 N.W.2d 917, 920 (Iowa 1998); *State v. Smith*, 573 N.W.2d 14, 17 (Iowa 1997).

## III. *The Principles Underlying Ineffective–Assistance Claims.*

Ineffective-assistance-of-counsel claims are generally based on the Sixth and Fourteenth Amendments of the United States Constitution, and article 1, section 10 of the Iowa Constitution, guaranteeing criminal defendants effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 685, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674, 691 (1984); *State v. Hopkins*, 576 N.W.2d 374, 378 (Iowa 1998). Defendants have a right to effective counsel in postconviction proceedings as well. *Dunbar v. State*, 515 N.W.2d 12, 14 (Iowa 1994) (noting that, although it is not a constitutional right, the statutory right

to postconviction counsel implies a right to *effective* counsel).

■ To prevail, Collins must prove that his counsel failed in an essential duty and that prejudice resulted. *State v. McPhillips,* 580 N.W.2d 748, 754 (Iowa 1998); *see also Dunbar,* 515 N.W.2d at 15 (competency standards are same for trial counsel and any subsequent counsel) (citing *Schertz v. State,* 380 N.W.2d 404, 412 (Iowa 1985)). Collins has the burden to show his counsel was ineffective by a preponderance of the evidence. *State v. Allen,* 565 N.W.2d 333, 336 (Iowa 1997). In resolving an ineffective-assistance claim,

> [t]he ultimate test is whether under the entire record and totality of the circumstances counsel's performance was within the normal range of competency. *Meier v. State,* 337 N.W.2d 204, 206 (Iowa 1983). Improvident trial strategy, miscalculated tactics, or mistakes in judgment do not necessarily amount to ineffective assistance of counsel. *Jones [v. State],* 479 N.W.2d [265,] 272 [ (Iowa 1991) ]. The petitioner must overcome a strong presumption of counsel's competence, and a postconviction applicant has the burden to prove by a preponderance of the evidence that counsel was ineffective. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 694–95 (1984); *Jones,* 479 N.W.2d at 272.

*Osborn,* 573 N.W.2d at 922.

■ To establish prejudice, Collins must show

> "there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" [*State v.*] *Bugely,* 562 N.W.2d [173,] 178 [ (Iowa 1997) ] (quoting *Gering v. State,* 382 N.W.2d 151, 153 (Iowa 1986)). A "'reasonable probability is a probability sufficient to undermine confidence in the outcome' of the defendant's trial." *Id.* (quoting *State v. Kraus,* 397 N.W.2d 671, 673 (Iowa 1986)). Our ultimate concern is with "the fundamental fairness of the proceeding whose result is being challenged."

*Strickland,* 466 U.S. at 696, 104 S.Ct. at 2069, 80 L.Ed.2d at 699.

*Id.*

## IV. *The Merits.*

■ The court here inquired whether "this is . . . a *rule 9* plea" (emphasis added), and both attorneys said it was not. The court, however, obviously believed there was a plea agreement because it asked the attorneys to detail it for him. The attorneys' responses to the court's inquiry show there was some type of agreement. When the court asked for details, the prosecuting attorney stated that the defendant would "[j]ust plead to the charge." However, defense counsel stated that other offenses "wouldn't be prosecuted . . . [and] that the sentencing here would be concurrent with that imposed in other counties." The prosecutor said, "I have no objection with that."

Collins was not informed on the record that a plea agreement would not be binding on the court. The only inquiry that might have signaled that information to Collins was the court's inquiry whether it was a "rule 9" plea, to which the attorneys responded "no." When the attorneys told the court it was not a "rule 9" plea, they likely meant that the plea was not conditioned on the court's approval. However, there is no indication that Collins understood the significance of the legal terminology used by the court and the attorneys. Collins did not appeal the alleged failure to incorporate the plea agreement in the sentence, so he is limited to a possible remedy under postconviction relief, Iowa Code ch. 822.

■ A defendant relying on postconviction relief should raise all grounds for relief in an original, supplemental, or amended application. Iowa Code § 822.8. The court may grant either party's motion for summary judgment if there is no genuine issue of material fact. Iowa Code § 822.6. Although Collins did not raise an ineffective-assistance claim in his postconviction relief application, that is not necessarily fatal. He claims that his postconviction counsel was ineffective for failing to allege it by amending his pro se application. *Postconviction* coun-

sel's ineffectiveness may constitute sufficient reason for not raising the issue. *Jones,* 545 N.W.2d at 314 ("Ineffective assistance of postconviction counsel can provide 'sufficient reason' under Iowa Code section 822.8 ... for a successive postconviction application raising new issues.") (citing *Sims v. State,* 295 N.W.2d 420, 422–23 (Iowa 1980)); *see Osborn,* 573 N.W.2d at 921 (ineffective assistance of *appellate* counsel may excuse failure to raise the issue of ineffective assistance of *trial* counsel in original postconviction relief proceeding) (citing *Jones,* 479 N.W.2d at 271; *Collins v. State,* 477 N.W.2d 374, 376 (Iowa 1991)).

Collins contends his postconviction counsel's ineffectiveness constitutes sufficient grounds to excuse his failure to file an ineffective-assistance-of-trial-counsel claim on direct appeal. Under the record in this case, it does not appear that the guilty-plea proceeding complied with the procedures under rule 9. Whether other evidence might be introduced to show substantial compliance with the rule and whether Collins' trial lawyer was ineffective for failing to appeal will require evidence, including testimony by Collins' trial attorney.

The State argues that Collins has waived any objections concerning the ineffective assistance of counsel, and the summary dismissal should be affirmed. Collins' remedy, it argues, is to file a new postconviction application. The State relies in part on *Arnold v. State,* 540 N.W.2d 243 (Iowa 1995), to support its waiver argument. In the *Arnold* case, the defendant had pursued both a direct appeal and a prior postconviction action. A second postconviction action was rejected in a summary judgment by the district court. The court of appeals reversed, but on further review we affirmed the district court and held that

> when an applicant's assertions [in postconviction proceedings] concerning the knowing and intelligent nature of a guilty plea are directly contradicted by the record, the applicant bears a special burden to establish that the record is inaccurate.

*Arnold,* 540 N.W.2d at 246. In *Arnold* we held that, because the record directly contra-

dicted Arnold's assertions contained in his second postconviction application,

> it is impossible to conclude that counsel representing Arnold on his first postconviction application did not act within the range of normal competency in failing to raise these issues.

*Id.*

*Arnold* must be distinguished. In the present case, the record does not contradict Collins' claim; in fact, it supports his argument that there was a plea agreement and that he was not advised that the court was free to reject it. Collins' resistance to the motion for summary judgment raised a genuine issue of material fact, and it was error to summarily dismiss the postconviction application.

We vacate the decision of the court of appeals, reverse the judgment of the district court, and remand for a hearing on Collins' application.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT REVERSED; CASE REMANDED.**