# IN THE COURT OF APPEALS OF IOWA

No. 12-1789
Filed May 29, 2014

**PHILLIP CLARK,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

 Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

 Phillip Clark appeals from the district court's denial, in part, of his application for postconviction relief. **AFFIRMED.**

 Steven J. Drahozal of Drahozal Law Office, P.C., Dubuque, for appellant.

 Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kim Griffith, Assistant County Attorney, for appellee State.

 Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**DOYLE, J.**

Phillip Clark appeals from the district court's denial, in part,[1] of his application for postconviction relief from his 2010 convictions of first-degree burglary, carrying weapons, and two counts of assault while participating in a felony. We affirm.

## I.     *Background Facts and Proceedings*

Phillip Clark was arrested following an incident that occurred at the apartment of his ex-girlfriend in the early morning hours of June 9, 2010. This court's ruling on Clark's direct appeal contains a factual background regarding the incident, which we reiterate in part:

> Phillip Clark lived in an apartment in Cedar Falls with his girlfriend, Jaclynne Chizewsky. Although he was not listed on the lease, Clark stayed at the apartment most nights before the pair ended their relationship. The break-up occurred between June 7 and early June 8, 2010, at which point Clark moved out. During the late hours of June 8 and early morning of June 9, Chizewsky was "hanging out" in her apartment with two friends, Natasha Butler and Lucas Vandenberg. While the three were in the bedroom, Chizewsky heard Clark's truck pull into the parking lot and saw him running toward the apartment. She rushed to lock, chain, and deadbolt the apartment door before Clark could enter. Then Chizewsky and Clark engaged in a "yelling match" through the door.
>
> Despite Chizewsky's pleas for Clark to "go away," he kicked in the door. Clark started to strangle Chizewsky, and held a gun to her head. Butler entered the living room when she heard the door kicked in, but Vandenberg remained in the bedroom. During his attack on Chizewsky, Clark noticed Vandenberg's sandals in the entryway, and asked, "Whose are those?" Clark then moved to the bedroom, "racked" his gun, and pointed it at Vandenberg. Chizewsky jumped onto Clark's back, as Vandenberg joined in the fray. The ensuing three-way wrestling match spilled out into the

---

[1] The district court granted Clark's application with respect to his request to merge his two convictions of assault while participating in a felony into his conviction for first-degree burglary but denied Clark's remaining claims.

hallway and living room. Eventually Clark was able to return to his feet and leave the apartment.

A police investigation revealed Clark's father owned a .40 caliber handgun, which was missing that night.

*State v. Clark*, No. 10-1767, 2011 WL 6076540, at *1 (Iowa Ct. App. Dec. 7, 2011).

Clark was charged with first-degree burglary, carrying weapons, and two counts of assault while participating in a felony. On the second day of trial, outside the presence of the jury, the prosecutor stated that he anticipated Clark would testify and he was "putting the court on notice that [the State had] recovered three—excuse me, four relevant case files" regarding Clark in which Clark gave his address as 495 Progress.[2] The prosecutor explained,

> We don't intend to get into anything of those other than to show that the defendant purported to the court . . . that he resided at 495 Progress . . . . I don't think it's impeachment. I don't intend to get into the nature of the offense, anything of that nature whatsoever other than to suggest in those particular court documents the defendant has provided an address, a mailing address and specifically noting it as his residence in those three cases of Progress. And I guess more importantly not Melrose.

The burglary was alleged to have taken place at Jaclynne Chizewsky's apartment at 2328 Melrose.

The next day, Clark exercised his right to testify. On cross-examination, Clark confirmed he had been living with Chizewsky since 2008. The prosecutor then questioned Clark about documents containing the address he provided for himself as 495 Progress—which Clark answered in the affirmative. Despite his representation the day before to the court and defense counsel that he did not

---

[2] At the time of trial, Clark was a college student. His family had lived at 495 Progress for more than a decade.

intend to get into anything other than that Clark had made previous representations his address was 495 Progress, the prosecutor proceeded to ask questions such as "[Y]ou'd agree that you found yourself in trouble and ultimately arrested in February of 2010 [at which time you provided your address as 495 Progress]?" and "And at that time, when you were released on a citation to appear, what address did you provide that you resided at as a, quote unquote, residence address?" and "You found yourself in trouble in March of 2010. And, again in that particular instance [you provided your address as 495 Progress]?"

Defense counsel objected after this line of questioning. Defense counsel then moved for a mistrial outside the presence of the jury, claiming the prosecutor's line of questioning was an attempt to impeach Clark improperly because the questions involved incidents in which Clark had been arrested but not convicted. The prosecutor responded, pointing out that he had raised the issue the day before and if the objection was legitimate, it was not timely. The district court denied the motion for mistrial,[3] but offered to issue a curative instruction and defense counsel requested the court do so. Once the jury returned, the court issued the following instruction:

> Ladies and gentlemen, an objection was made, and the nature of the objection was information that was provided about certain files. The only thing that you are to consider with respect to these files is whether or not the—is the issue of the defendant's address and that is all.
> Is that clear? You are to disregard any other factors.

---

[3] The court noted the issue was raised the previous day, and also stated, "[T]his would not have become cumulative if the objection had been made when the first mention was made of the fact that the defendant was taken into custody."

The jury convicted Clark of all counts. The district court sentenced Clark to an indeterminate sentence of twenty-five years with a five-year mandatory minimum for first-degree burglary, two years for carrying weapons, and five years for each count of assault while participating in a felony, to be served concurrently.

On direct appeal, the only issue was whether the conviction for carrying weapons conviction merged with the first-degree burglary conviction. *See Clark*, 2011 WL 6076540, at *2. This court affirmed Clark's convictions. *See id.* at *5 "(The district court did not error by entering judgment on Clark's convictions for first-degree burglary and carrying weapons as separate offenses."). Procedendo issued on February 2, 2012.

Clark, pro se, filed a timely application for postconviction relief. Defense counsel subsequently filed a motion to amend and an amended application for postconviction relief, which the district court granted. The amended application raised various claims of ineffective assistance of trial and appellate counsel, including a claim relating counsel's failure to raise the issue of prosecutorial misconduct stemming from the State's presentation of evidence relating to Clark's prior arrests. Specifically, Clark contended counsel's failure allowed the "introduction of arrest affidavits for [Clark's] unconvicted crimes [which led] the jury to believe this is some sort of maniac repeat offender."[4]

---

[4] Clark also subsequently filed a supplemental brief to defense counsel's amended application, stating in part, "Appellate Counsel was further ineffective for failing to raise and argue a motion for mistrial [where the] verdict could have been influenced by that disparaging and inappropriate information [of the prosecutor] referring to me as having been 'in trouble' is wholly un-called for."

Following a hearing, the court entered an order granting Clark's application in part, concluding his two convictions for assault while participating in a felony should be merged with his first-degree burglary conviction. The court denied Clark's application on all other grounds, including the claim relating to alleged prosecutorial misconduct. Clark appeals.

## II. *Standard of Review*

We review the district court's ruling on an application for postconviction relief for correction of errors of law. *See Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012). When an applicant asserts a constitutional claim as the basis for postconviction relief, as here, we review that claim de novo. *See Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).

## III. *Ineffective Assistance of Trial Counsel*

Clark contends his trial counsel was ineffective in "failing to object to prosecutorial misconduct."[5] To prevail, Clark must show (1) counsel breached an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The court starts with a strong presumption that counsel's conduct was within the "wide range of reasonable professional assistance." *See id.* at 689. "[Clark] has the burden to rebut this presumption with evidence his trial counsel's

---

[5] The postconviction court addressed Clark's claim as that of appellate counsel's "fail[ure] to raise the issue of improper impeachment" and trial counsel's failure to "call for a mistrial." Insofar as the postconviction court's ruling was limited to discussion of Clark's claim as purely a motion for mistrial issue, the State maintains error is not preserved on Clark's instant claim that trial counsel was ineffective for failing to object to irrelevant evidence. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (observing that an issue is preserved for review if it has been raised and decided by the district court). We elect to bypass this error preservation concern and proceed to the merits of Clark's appeal. *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999) (bypassing error preservation problem and proceeding to the merits of the appeal).

'representation fell below an objective standard of reasonableness.'" *State v. Ondayog*, 722 N.W.2d 778, 785 (Iowa 2006) (quoting *Strickland*, 466 U.S. at 688). "Miscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel." *Ledezma v. State*, 626 N.W.2d 134, 143 (Iowa 2001).

Clark testified he began living with Chizewsky in 2008. The day prior, the prosecutor mentioned other case files in which Clark represented himself as living at 495 Progress. The prosecutor stated he did not "intend to get into anything of those other than to show that the defendant purported to the court in [the] separate matter[s] that he resided at 495 Progress." After the prosecutor proceeded to question Clark about several prior instances he had been "in trouble" with police and given the address of 495 Progress, defense counsel objected. Defense counsel also moved for a mistrial. The district court denied the motion for mistrial but gave the jury a cautionary instruction upon defense counsel's request.

We need not examine the breach of duty prong on Clark's ineffective-assistance-of-counsel claim because the claim can be resolved on the prejudice prong. *Ledezma*, 626 N.W.2d at 142 ("If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently.") To establish the prejudice prong of the *Strickland* analysis, Clark must show "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *See State v. Utter*, 803 N.W.2d 647, 654 (Iowa 2011) (quoting *Strickland*, 466 U.S. at 694)). A "reasonable probability" is "a probability sufficient to undermine the confidence in

the outcome of the defendant's trial." *Collins v. State*, 588 N.W.2d 399, 402 (Iowa 1998).

In this case, the jury heard the convincing testimony of Chizewsky detailing the incident supporting the charges against Clark, as well as the testimony of two other eyewitnesses to the incident. The jury also heard testimony from an investigating police officer who responded to the scene. Considering the evidence against Clark, we conclude he cannot establish he was prejudiced by counsel's alleged failure and his claim of ineffective assistance fails. *See Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008) (noting a claim of ineffective assistance of counsel fails if either element is lacking).

## IV.    *Ineffective Assistance of Appellate Counsel*

Clarks claim his appellate counsel was ineffective in failing to pursue the above claim on direct appeal. In light of our conclusion Clark's claim of ineffective assistance of trial counsel fails on the merits, we further conclude Clark's appellate counsel had no duty to pursue the claim on direct appeal. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("[C]ounsel has no duty to raise an issue that has no merit.").

## V.    *Conclusion*

We affirm the district court's ruling denying, in part, Clark's application for postconviction relief.

**AFFIRMED.**