## IN THE COURT OF APPEALS OF IOWA

No. 13-0840
Filed July 16, 2014

**FRANK D. BOURRAGE,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

　　　Appeal from the Iowa District Court for Scott County, Mark J. Smith, Judge.

　　　Frank Bourrage appeals from the dismissal of his application for postconviction relief, alleging that the application was dismissed as a result of the ineffective assistance of his postconviction counsel. **REVERSED AND REMANDED.**

　　　Courtney T. Wilson of Gomez May, L.L.P., Davenport, for appellant.

　　　Thomas J. Miller, Attorney General, Heather Quick, Assistant Attorney General, Michael J. Walton, County Attorney, and Amy Devine, Assistant County Attorney, for appellee State.

　　　Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, J.**

Frank Bourrage appeals from the dismissal of his application for postconviction relief, alleging that the dismissal resulted from the ineffective assistance of his postconviction counsel. We reverse and remand for hearing on the merits.

**I. Factual and Procedural Background**

On August 31, 2011, Bourrage was sentenced on two convictions: burglary in the second degree and robbery in the second degree. Both sentences were for imprisonment not to exceed fifteen years and to run consecutively. Bourrage appealed. We vacated the sentences and remanded. On resentencing, the sentences were modified to run concurrently.

On February 25, 2013, Bourrage filed a pro se application for postconviction relief on several grounds including ineffective assistance of trial counsel. On February 28, the district court appointed counsel for the postconviction-relief proceedings. Appointed counsel did not amend Bourrage's pro se application. The State filed an answer to Bourrage's application and moved for summary judgment on March 18, 2013, alleging Bourrage's claims of ineffective assistance of trial counsel had been decided on direct appeal and that his complaint about the seizure of his cell phone was without merit. Bourrage's counsel did not file a resistance or response. On April 8, the district court granted the motion and dismissed the case.

On April 24, Bourrage filed a pro se motion to reinstate his postconviction-relief action. The motion was denied on May 16. On May 22, Bourrage filed a second pro se motion to reinstate with the district court. On May 24, he filed a

notice of appeal with our supreme court. On June 10, the second pro se motion was scheduled for an oral hearing on July 2. On June 14, Bourrage filed his notice of appeal with our supreme court a second time. On June 17, before the hearing on the second motion to reinstate, Bourrage filed the notice of appeal with the district court.

On July 31, our supreme court issued an order stating that Bourrage's multiple filings throughout April, May, and June were consistent with a good faith effort to take a timely appeal.[1] Pursuant to that order, Bourrage is now before this court to appeal the district court's grant of summary judgment, dismissal of the postconviction-relief action, and denial of his motion to reinstate. He asserts ineffective assistance of postconviction counsel and requests that we reverse the district court's dismissal and remand for consideration of the merits of his postconviction-relief claims.

## II. Scope and Standard of Review

An appeal from a postconviction-relief proceeding is ordinarily reviewed for correction of errors at law. *Goosman v. State*, 764 N.W.2d 539, 541 (Iowa 2009). A postconviction-relief applicant may be statutorily entitled—but is not *constitutionally* entitled—to legal representation. Iowa Code § 822.5 (2013); *see also Dunbar v. State*, 515 N.W.2d 12, 14 (Iowa 1994). If the applicant is provided counsel, he has a right to *effective* counsel, and we review ineffective-

---

[1] As a side-effect of Bourrage's aggressive filing strategy, many of his pro se filings failed to comply with the relevant procedural rules. In its July 31 order, the Iowa Supreme Court struck a pro se brief filed on July 17, 2013. Additionally, Bourrage's May 5, 2014 pro se supplemental brief is not timely and "will not be considered by the court." Iowa R. App. P. 6.901(2)(a).

assistance-of-postconviction-counsel claims de novo. *Collins v. State*, 588 N.W.2d 399, 401–02 (Iowa 1998).

### III. Discussion

To prevail on an ineffective assistance of counsel claim, the defendant must establish both that counsel failed to perform an essential duty and that the defendant was prejudiced as a result. *See State v. Williams*, 695 N.W. 2d 23, 28–29 (Iowa 2005). However, if counsel's representation was so deficient as to create a structural error—i.e., an error "affecting the framework within which the trial proceeds"—the defendant is entitled to a new proceeding "without the need to show the error actually caused prejudice." *Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011) (quoting *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991)).

We begin under "a strong presumption that the performance of counsel falls within a wide range of reasonable professional assistance." *Fullenwider v. State*, 674 N.W.2d 73, 75 (Iowa 2004). Counsel's representation is considered inadequate only when it falls "below the standard demanded of a reasonably competent attorney." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

Bourrage predicates his ineffective assistance claim on the fact that his counsel failed both to file a resistive response to the State's motion for summary judgment and to communicate to him that he could file a resistive response pro se. "[I]neffective assistance is more likely to be established when the alleged actions or inactions of counsel are attributed to a lack of diligence as opposed to the exercise of judgment." *Ledezma*, 626 N.W.2d at 142. Though our record is limited, the facts that we do have on record cannot be attributed to anything but a lack of diligence.

First, despite Bourrage's best efforts, the pro se application for postconviction relief states the bases for relief in only general terms. Counsel had the opportunity to amend the application to more thoroughly present the claims after discussing them with his client. The record does not indicate whether appointed counsel in fact met with his client.

Second, the nature of the State's motion for summary judgment clearly calls for a resistance. The motion asserts the boilerplate claim that Bourage's "claims of ineffective assistance of counsel have already been denied by the Court of Appeals when they affirmed the applicant's convictions." The bases for the postconviction claims of ineffective assistance, however, are clearly distinct from those that we decided on Bourrage's direct appeal. *See State v. Bourrage*, No. 11-1412, 2012 WL 4101771, at *1 (Iowa Ct. App. Sept. 19, 2012).

The State's motion also presents facts regarding the search of Bourrage's cell phone, arguing that it was a seizure incident to arrest. These facts and legal assertions call for a resistance to summary disposition and an expansion on the factual and legal basis of Bourrage's claim regarding that search. The State's motion asserts that the pro se application has not raised any issue of material fact. Bourrage's counsel took no action to address this assertion. Even a basic resistance from counsel would have at the very least resulted in a hearing.

In Iowa, we have noted that a structural error occurs—and no showing of prejudice is needed—when a defendant or applicant is actually or constructively denied counsel or when counsel fails to put the case to meaningful adversarial testing. *See State v. Feregrino*, 756 N.W.2d 700, 707 (Iowa 2008); *see also Lado*, 804 N.W.2d at 253 (finding applicant was "constructively without counsel"

and application was "dismissed without . . . meaningful adversarial testing"). Counsel's failure to act in this case is a structural error in both senses. Therefore we do not consider whether Bourrage was prejudiced by the district court's dismissal. We find that Bourrage was deprived of effective assistance of counsel.

## IV. Conclusion

Bourrage's appointed counsel failed to resist the State's motion for summary judgment, and that failure left Bourrage constructively without counsel and his claims without meaningful adversarial testing. The district court's dismissal is reversed and the postconviction action is remanded for hearing on the merits.

**REVERSED AND REMANDED.**