# IN THE COURT OF APPEALS OF IOWA

No. 15-0464
Filed February 10, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAMES CHARLES NULL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Floyd County, Peter B. Newell, District Associate Judge.

The defendant challenges his conviction for failure to comply with the sex offender registry, second or subsequent offense. **AFFIRMED.**

David A. Kuehner of Eggert, Erb, Mulcahy & Kuehner, P.L.L.C., Charles City, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

The defendant James Null was convicted of failure to comply with the sex offender registry, second or subsequent offense, in violation of Iowa Code sections 692A.2, 692A.3, and 692A.7(1) (2013), and sentenced as a habitual offender pursuant to Iowa Code sections 902.8 and 902.9. On appeal, he contends his trial counsel provided constitutionally deficient representation by failing to interpose certain objections to the jury instructions. On de novo review, we conclude the defendant's claims are without merit. The defendant makes only conclusory claims of prejudice insufficient to satisfy the prejudice component of a claim of ineffective assistance of counsel. *See State v. Tate*, 710 N.W.2d 237, 241 (Iowa 2006). We independently conclude that Null has failed to establish prejudice, that is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Collins v. State*, 588 N.W.2d 399, 402 (Iowa 1998); *see also State v. Ambrose*, 861 N.W.2d 550, 556 (Iowa 2015) (applying *Strickland* prejudice standard to claim of instructional error). Null's conviction is affirmed without further opinion. *See* Iowa R. 21.26(1)(a), (c), and (e).

**AFFIRMED.**