## IN THE COURT OF APPEALS OF IOWA

No. 16-2035
Filed June 6, 2018

**BLAKE ALLEN HUFFMAN,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

　　　Appeal from the Iowa District Court for Grundy County, George L. Stigler,

Judge.


　　　Applicant appeals from the denial of his application for postconviction relief.

**AFFIRMED.**



　　　Chad R. Frese of Kaplan & Frese, LLP, Marshalltown, for appellant.

　　　Thomas J. Miller, Attorney General, and Aaron J. Rogers, Assistant

Attorney General, for appellee State.



　　　Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Blake Huffman appeals from the denial of his application for postconviction relief. By way of background, Huffman was convicted of five counts of sexual abuse in the second degree, one count of sexual abuse in the third degree, and one count of assault with intent to commit sex abuse arising out of the abuse of two minors. On direct appeal, this court affirmed his convictions. *See State v. Huffman*, No. 14-1143, 2015 WL 5278980, at *9 (Iowa Ct. App. Sept. 10, 2015). More recently, this court affirmed the denial of Huffman's motion for new trial, in which Huffman contended one of the victims recanted the abuse allegations. *See State v. Huffman*, No. 16-0980, 2017 WL 6513562, at *1 (Iowa Ct. App. Dec. 20, 2017) (affirming denial and explaining the witness did not recant but actually reasserted the allegations of abuse in a later deposition).

In this appeal, Huffman contends his trial counsel provided constitutionally deficient representation in failing to object to a single sentence in the testimony of a forensic interviewer that allegedly vouched for the credibility of the victims. To establish his claim of ineffective assistance of counsel, Huffman must establish that his trial counsel failed to perform an essential duty and that this failure resulted in prejudice. *See State v. Westeen*, 591 N.W.2d 203, 207 (Iowa 1999). To show a breach of an essential duty, Huffman must establish "the attorney performed below the standard demanded of a reasonably competent attorney." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). The attorney's performance is measured against "prevailing professional norms," and it is presumed the attorney performed competently. *See id.* The ultimate inquiry regarding prejudice is whether counsel's allegedly deficient performance caused a complete "breakdown in the adversary

process" such that the convictions are unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). This requires a showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Collins v. State*, 588 N.W.2d 399, 402 (Iowa 1998) (citation and quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the defendant's trial." *Id.*

The district court concluded Huffman failed to establish he suffered constitutional prejudice from the alleged breach of duty. Huffman contends this was error because prejudice should be presumed when an expert bolsters the credibility of the witnesses. We disagree. In an ineffective-assistance-of-counsel claim challenging the failure to object to allegedly impermissible vouching testimony, the defendant must still prove he suffered constitutional prejudice. *See State v. Basquin*, No. 17-0057, 2018 WL 1858378, at *3 (Iowa Ct. App. Apr. 18, 2018) (rejecting vouching claim on prejudice grounds); *State v. Simonich*, No. 16-1906, 2017 WL 5179004, at *7 (Iowa Ct. App. Nov. 8, 2017) (finding no prejudice in resolving improper vouching claim); *State v. Aguilar*, No. 14-1225, 2015 WL 5965076, at *6 (Iowa Ct. App. Oct. 14, 2015) (same).

Huffman also contends he has proved constitutional prejudice. We disagree. First, this court has already rejected substantially the same claim on direct appeal. In Huffman's direct appeal, he contended his "trial counsel was ineffective for allowing the expert witness to vouch for the witness's credibility without proper objections." *Huffman*, 2015 WL 5278980, at *1. In his direct appeal, Huffman identified the specific testimony to which he claimed his counsel should have objected. This court rejected the claim, concluding Huffman was not

"prejudiced by counsel's failure to object." *Id.; see also id.* at 6 ("We also do not believe Huffman has established that he suffered prejudice because of trial counsel's failure to act."). Like the prior panel, we conclude Huffman has not established constitutional prejudice. Second, Huffman's claim is barred res judicata. *See* Iowa Code § 822.8 ("Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application."); *Lambert v. Iowa Dep't of Transp.*, 804 N.W.2d 253, 257 (Iowa 2011) ("A valid final judgment on a claim generally precludes relitigation of the same claim or any part of it. The rule governing claim preclusion is based on the principle that a party may not split or try his claim piecemeal, but must put in issue and try his entire claim or put his entire defense in the case on trial."); *Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009) ("A post-conviction proceeding is not intended as a vehicle for relitigation, on the same factual basis, of issues previously adjudicated, and the principle of res judicata bars additional litigation on this point.")

The district court did not err in denying Huffman's application for postconviction relief.

**AFFIRMED.**