# IN THE COURT OF APPEALS OF IOWA

No. 18-1945
Filed December 18, 2019

**EDUARDO ARTEMIO RODRIGUEZ LOPEZ,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Dickinson County, David A. Lester, Judge.


　　Eduardo Rodriguez Lopez appeals the order denying his application for postconviction relief. **AFFIRMED**


　　Judy L. Freking of Judy L. Freking, P.C., Le Mars, for appellant.

　　Thomas J. Miller, Attorney General, and Benjamin Parrott, Assistant Attorney General, for appellee State.


　　Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**DOYLE, Presiding Judge.**

Eduardo Rodriguez Lopez appeals from the order denying his application for postconviction relief (PCR) from his 2012 conviction for second-degree sexual abuse. Although we review the denial of a PCR application for correction of errors at law, *see Villa Magana v. State*, 908 N.W.2d 255, 259 (Iowa 2018), we review claims of ineffective assistance of counsel de novo, *see Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). To succeed on a claim of ineffective assistance, a PCR applicant must show counsel breached a duty and prejudice resulted. *See id.* We may affirm the district court's denial of an ineffective-assistance claim if either element is lacking. *See id.*

The PCR court identified nine claims for PCR and found each failed because this court rejected it on direct appeal or because Rodriguez Lopez failed to provide a sufficient reason for not raising it on direct appeal. *See* Iowa Code § 822.8 (2015) (stating claims that were finally adjudicated or not raised in the proceeding that resulted in the conviction may not be the basis for a subsequent application unless the court finds a ground for relief for which for sufficient reason was not asserted or was inadequately raised in the prior action). Of the claims it found it could analyze under an ineffective-assistance-of-counsel rubric, the court determined Rodriguez Lopez failed to show prejudice.

On appeal, Rodriguez Lopez argues his PCR counsel was ineffective by failing to conduct a reasonable investigation into his claims and to identify all possible grounds for PCR. He makes the general claim that "there exists a very reasonable probability that the results of this [PCR] hearing would have been different" had PCR counsel performed competently. But the fact that an error "had

some conceivable effect on the outcome of the proceeding" is not enough to show prejudice. *Strickland v. Washington*, 466 U.S. 668, 693 (1984). "The applicant must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (internal citation omitted). Rodriguez Lopez's claim of ineffective assistance of PCR counsel is too general to address on appeal. *See id.*

Rodriguez Lopez also claims ineffective assistance of trial counsel.[1] He first contends trial counsel was ineffective by informing the court he would be ready to try the case, which led the trial court to deny his motion to continue the trial. Rodriguez Lopez claims he was prejudiced because trial counsel did not have enough time to investigate the credibility of the complaining witness. But Rodriguez Lopez raised a similar claim on direct appeal, where he argued the trial court's denial of his motion for a continuance violated his constitutional right to due process and his right to present a defense. *State v. Lopez*, No. 12-1676, 2013 WL 5760608, at *8 (Iowa Ct. App. Oct. 23, 2013). He claimed he needed the continuance so counsel could investigate whether the complaining witness denied the abuse to others. *Id.* And we rejected his claim, finding it was "too vague and uncertain" and Rodriguez Lopez failed to show prejudice. *See id.* at *10. Setting

---

[1] To the extent these are novel claims, Rodriguez Lopez does not state a reason for failing to raise these claims in his PCR application as required by section 822.8. But we presume that this failure relates to his claims that PCR counsel was ineffective by failing to investigate and identify all possible grounds for PCR. *See Collins v. State*, 588 N.W.2d 399, 402-03 (Iowa 1998) (stating that ineffective assistance of PCR counsel may constitute sufficient reason for not raising an issue in a PCR action).

aside the question of whether Iowa Code section 822.8 bars Rodriguez Lopez from relitigating the issue, the claim fails because he offers nothing more than speculation to show prejudice.

Next, Rodriguez Lopez alleges his trial counsel was ineffective by misusing the time and resources available, claiming he "did not have enough time with defense counsel to gain an understanding of the critical stages of trial nor to gain a sufficient amount of knowledge and understanding in order to meaningfully participate in his own defense."  He incorporates several claims raised to and rejected by the PCR court and repackages them as a claim of ineffective assistance of counsel.  Once again, even assuming section 822.8 does not bar these claims, there is no showing of prejudice.

Finally, Rodriguez Lopez waived his claim of ineffective assistance of trial counsel based on counsel's failure to object to a voir dire question; his brief provides no argument and cites no authority to support it.  *See* Iowa R. App. P. 6.903(2)(g)(3) (stating the appellant's brief must include an argument section "containing the appellant's contentions and the reasons for them with citations to the authorities relied on" and "[f]ailure to cite authority in support of an issue may be deemed waiver of that issue").  And we reject Rodriguez Lopez's claim that the trial court erred in overruling his motion for judgment of acquittal because section 822.8 bars it.

**AFFIRMED.**