# IN THE COURT OF APPEALS OF IOWA

No. 20-1258
Filed April 28, 2021

**ANDRE HORTON,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Muscatine County, Tom Reidel, Judge.

Andre Horton appeals the dismissal of his application for postconviction relief. **AFFIRMED AND REMANDED.**

Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., Mullins, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**MULLINS, Judge.**

In November 2018, Andre Horton was charged by trial information with second-degree theft as a habitual offender.  On January 25, 2019, pursuant to a plea agreement, he entered a written guilty plea to the lesser-included offense of operating a vehicle without the owner's consent.  The agreement called for an indeterminate term of imprisonment not to exceed two years, a "fine of $625 (suspended),"[1] and provided Horton would "be liable for all applicable surcharges and court costs."  In his written guilty plea, Horton acknowledged, "I will have to pay statutory surcharges . . . ."  The agreement further provided the plea was conditioned on the "concurrence by the court," allowing Horton to withdraw his plea if the court rejected the agreement.  *See* Iowa R. Crim. P. 2.10(4).  The court imposed the agreed sentence the same day, which included a criminal penalty surcharge, a law enforcement initiative surcharge (LEIS) pursuant to Iowa Code sections 911.1 and 911.3 (2018),[2] and a suspended fine.

On February 18, Horton filed a motion to withdraw his plea and a letter, alleging his plea was not entered voluntarily and intelligently.  He also claimed he did not waive his right to in-person sentencing.  At a hearing on the matter in March, Horton alleged his attorney misadvised him on how much time he would likely serve in prison.  The court treated Horton's filings as a motion in arrest of judgment

---

[1] The notation "(suspended)" is a handwritten addition to the typed memorandum of plea agreement, initialed, apparently by the assistant county attorney and the defense attorney.

[2] In 2020, section 911.1 was amended and section 911.3 was repealed.  2020 Iowa Acts ch. 1074, §§ 18, 22.

and denied it as untimely because judgment had already been entered. *See* Iowa R. Crim. P. 2.24(3)(b).

In July, Horton filed an application for postconviction relief (PCR), in which he generally argued his plea was not entered voluntarily and intelligently, his due process rights were violated, and his counsel was ineffective. He added various other claims in an amended application. The matter proceeded to trial in September 2020.[3] Ultimately, the court denied Horton's PCR application. This appeal followed.

On appeal, Horton argues PCR "counsel provided ineffective assistance in not challenging plea counsel's failure to address the lack of information regarding the mandatory surcharges applicable to the offense." He argues the record establishes he was not properly advised the mandatory criminal penalty surcharge and the LEIS would be imposed as part of his sentence following his guilty plea, his plea was therefore not entered voluntarily and intelligently, and PCR counsel was ineffective in failing to argue plea counsel was ineffective on this point.

"Generally, a criminal defendant waives all defenses and objections to the criminal proceedings by pleading guilty, including claims of ineffective assistance of counsel," but an exception to this rule exists when there are pre-plea "irregularities intrinsic to the plea—irregularities that bear on the knowing and voluntary nature of the plea." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). True, the voluntary nature of a guilty plea can be negated when the defendant fails

---

[3] Horton did not appear for trial. He had apparently been released from prison by this point, but his counsel noted he had been unable to contact him for several months.

to understand the maximum possible punishment of the crime, including surcharges. *See State v. Weitzel*, 905 N.W.2d 397, 407–08 (Iowa 2017). In order to establish a claim of ineffective assistance of plea counsel and, by extension, PCR counsel, Horton must prove counsel breached an essential duty and prejudice resulted. *See Collins v. State*, 588 N.W.2d 399, 402 (Iowa 1998). When challenging a guilty plea through a claim "of ineffective assistance of counsel, the [applicant] satisfies the prejudice prong if he or she can show 'there is a reasonable probability that, but for counsel's error he or she would not have pleaded guilty and would have insisted on going to trial.'" *Weitzel*, 905 N.W.2d at 402 (quoting *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006)).

Horton's brief claims he was not informed he would have to pay the criminal penalty surcharge and the LEIS, thus leaving him inadequately informed when he pled guilty. He claims he was prejudiced by his counsel's failure to so inform him. He also claims his PCR counsel prejudiced him by failing to inform him to raise the issue in these proceedings. The State's brief assumes Horton was ordered to pay a total of $343.75 in surcharges but argues he cannot show prejudice that such amount would have caused him to reject the favorable plea agreement and proceed to trial.

At the time of sentencing in the present case, the applicable criminal penalty surcharge was thirty-five percent of the fine imposed. Iowa Code § 911.1(1). Section 911.1(3) provided: "When a fine . . . is suspended in whole or in part, the court shall reduce the surcharge in proportion to the amount suspended." The agreed fine as imposed by the court in this case was $625.00, suspended, and the court imposed the criminal penalty surcharge in the amount of $218.75. The court

also ordered the LEIS of $125.00 per section 911.3, for total surcharges of $343.75. Upon the court's suspension of the whole fine, the $218.75 should have been reduced in proportion to the amount suspended, leaving only the $125 LEIS to be imposed at the time of sentencing.

In this case, the district court ordered the fine, criminal penalty surcharge, and LEIS. The court ordered: "Fine is suspended due to incarceration." It made no mention of suspending the criminal penalty surcharge of $218.75 or otherwise reducing it in proportion to the suspended fine, and because the parties' briefing is based on the assumption the penalty was imposed, we must assume that to be the case.

In the exercise of our discretion, and notwithstanding that neither party raised the issue, in order to properly address the alleged prejudice in this case, we choose to address whether the imposition of the criminal penalty surcharge resulted in an illegal sentence. PCR is authorized when a sentence is contrary to the laws of this state or exceeds the maximum authorized by law. *Id.* § 822.2(1)(a), (c). "The court may correct an illegal sentence *at any time.*" *Veal v. State*, 779 N.W.2d 63, 64 (Iowa 2010) (quoting Iowa R. Crim. P. 2.24(5)(a)). Here, the sentencing court suspended Horton's fine in its entirety but still imposed a criminal penalty surcharge. Section 911.1(3), which governs the criminal penalty surcharge, mandates, "When a fine . . . is suspended in whole or in part, the court shall reduce the surcharge in proportion to the amount suspended." So imposition of the criminal penalty surcharge was illegal. We choose to correct the illegal sentence now. *Cf. State v. Wieneke*, No. 20-0126, 2021 WL 219222, at *1–2 (Iowa

Jan. 22, 2021) (stating, in a direct appeal from a criminal case, "[b]ecause the illegality in this case is clear, we exercise our discretion to correct it now").

Section 911.1(3) does not tell us the manner in which the surcharge should be reduced, it only tells us to reduce it "in proportion to the amount suspended." We must read section 911.1(3) *in pari materia*[4] with other sentencing provisions. *See State v. Chana*, 476 N.W.2d 38, 39 (Iowa 1991). Surcharges, such as the criminal penalty surcharge, are punitive and mandatory, and there is "no meaningful difference between a fine and a built-in surcharge on a fine." *State v. Fisher*, 877 N.W.2d 676, 686 (Iowa 2016); *see also* Iowa Code § 911.1(1). A sentencing court may impose a fine, confinement, or both, "and suspend the execution of the sentence or any part of it as provided in chapter 907." Iowa Code § 901.5(3). In this case, the entire fine was suspended. We conclude that when read *in pari materia* with other applicable sentencing provisions, the proper procedure for reducing the criminal penalty surcharge in proportion[5] to the fine suspended is to suspend the entire surcharge.

After suspension of the criminal penalty surcharge, the only alleged prejudice remaining is the $125.00 LEIS. Horton was facing a charge of second-degree theft, a class "D" felony, as a habitual offender, punishable by up to fifteen

---

[4] *See In Pari Materia*, Black's Law Dictionary (11th ed. 2019) ("It is a canon of construction that statutes that are *in pari materia* may be construed together, so that inconsistencies in one statute may be resolved by looking at another statute on the same subject.").

[5] "Proportion" is alternately defined as "harmonious relation of parts to each other or to the whole," "to adjust (a part or thing) in size relative to other parts or things," or "to make the parts harmonious or symmetrical." *Proportion*, Merriam Webster, https://www.merriam-webster.com/dictionary/proportion (last visited March 30, 2021).

years of imprisonment, with a mandatory minimum of three years. *See* Iowa Code §§ 714.2(2), 902.8, .9(1)(c). In exchange for Horton's guilty plea, the State agreed to amend the charge to operating a motor vehicle without the owner's consent, an aggravated misdemeanor punishable by no more than two years in prison. *See id.* §§ 714.7, 903.1(2). Horton had the burden to prove by a preponderance of the evidence that he was prejudiced by failing to be specifically informed of the $125.00 LEIS. *See State v. Clay*, 824 N.W.2d 488, 496 (Iowa 2012). "In determining whether this standard has been met, we must consider the totality of the evidence . . . ." *Id.* (citation omitted). Horton did not testify at his PCR hearing. Even assuming Horton did not know about the $125.00 LEIS, given the significant sentencing concession, he failed to produce sufficient evidence to convince us there is a reasonable probability that being made aware of the meager $125.00 surcharge would have resulted in him insisting on proceeding to trial. So we find no prejudice, and we reject Horton's ineffective-assistance claim.

We affirm the denial of Horton's PCR application, but we remand the matter to the district court to enter an order suspending the criminal penalty surcharge, thus reducing the criminal penalty surcharge in proportion to the suspended fine.

**AFFIRMED AND REMANDED.**