# IN THE COURT OF APPEALS OF IOWA

No. 23-1457
Filed April 24, 2024

**RAYMOND JOHN MILLER,**
  Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
  Respondent-Appellee.
_____

Appeal from the Iowa District Court for Carroll County, Derek Johnson, Judge.

Raymond Miller appeals the denial of his application for postconviction relief. **AFFIRMED.**

Matthew B. De Jong, Rochester, Minnesota, for appellant.

Brenna Bird, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Greer and Chicchelly, JJ.

**BOWER, Chief Judge.**

Raymond Miller appeals the denial of his application for postconviction relief (PCR) following his conviction for sexual abuse in the second degree. Miller claims trial counsel and PCR counsel provided ineffective assistance. Upon review, we affirm.

## I. Background Facts and Proceedings

In 2021, Miller was charged with three counts of second-degree sexual abuse. Miller pleaded guilty to one count of second-degree sexual abuse, and the State dismissed the other two counts. Miller was sentenced to an indeterminate twenty-five-year term with a seventy-percent mandatory minimum.

In 2022, Miller filed a PCR application, initiating this action. Following a hearing, the district court entered an order denying Miller's application. Miller appeals, raising claims of ineffective assistance of trial and PCR counsel.

## II. Standard of Review

We ordinarily review PCR rulings for correction of legal error. *Brooks v. State*, 975 N.W.2d 444, 445 (Iowa Ct. App. 2022). However, our review of the district court's denial of a PCR application alleging ineffective assistance of counsel is de novo. *See Sothman v. State*, 967 N.W.2d 521, 522 (Iowa 2021). Although Miller's right to effective assistance from PCR counsel is statutory rather than constitutional, we still apply a de novo review to his claim. *See Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011).

## III. Analysis

To succeed on his ineffective-assistance-of-counsel claims, Miller must prove by a preponderance of the evidence (1) his counsel failed to perform an

essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018). "[F]ailure to find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (citation omitted). As to breach of an essential duty, courts presume counsel performed competently. *State v. Lorenzo Baltazar*, 935 N.W.2d 862, 868 (Iowa 2019). Miller "must rebut the presumption of competence by showing . . . counsel's representation fell below an objective standard of reasonableness." *Id.* (internal quotation marks and citation omitted). As to prejudice, Miller "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Walker*, 935 N.W.2d 874, 881 (Iowa 2019) (citation omitted). In the context of a guilty plea, Miller must prove a reasonably probability, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).

*A. Ineffective Assistance of Trial Counsel.* Miller first claims his trial counsel was ineffective for failing to ensure Miller "understood the consequences, or terms, of his plea." Specifically, Miller contends "no one informed him that he would automatically be going to prison" if he pleaded guilty. With regard to the seventy-percent mandatory minimum, Miller testified "they may have, but I don't remember it. I gotta be honest. I don't remember." At the PCR hearing, Miller stated, "I guess if I told [my lawyer] I would plead guilty so the kids wouldn't have to come in [and testify about the crimes] and then I was thinking that I would be out on parole."

Miller presents no evidence, beyond his own testimony, to support his claim he did not understand the impact of his guilty plea. Instead, the evidence shows

he was well informed of the consequences. Counsel sent a letter to Miller clearly stating each of Miller's charges carried a twenty-five-year minimum with no possibility of parole until seventy percent of the sentence was served. When Miller received mixed information concerning his eligibility for parole, counsel debunked the misinformation and reaffirmed to Miller his prison sentence would be mandatory. At Miller's plea hearing, the judge also went over the minimum prison sentence for his charge and the seventy-percent mandatory minimum. When asked if he understood the consequences of his plea, Miller stated he did. Despite this knowledge, Miller chose to plead guilty. The PCR court found Miller failed to prove "trial counsel, the court, or prosecutor assured him he would receive probation at the time of sentencing," and further stated, "There is simply no evidence that supports [Miller]'s allegation that he was misled or deceived by trial counsel, the court, or prosecutor." Like the court, we find no evidence to support Miller's claim. We affirm on this issue.

*B. Mental and Physical Condition at the Plea Hearing.* Miller also claims his "plea was unintelligent and involuntary" because he "had significant medical and emotional challenges leading up to the plea hearing." At the PCR hearing, Miller testified his health condition at the time of his plea hearing was

> [v]ery bad. Very bad. I just had my heart worked on about four days or so maybe before I went to court and had my stomach operated on. I was in shambles. And I had with my sister—died a couple days just before court. And I just wasn't myself. I never—it was just terrible. It was hard for me to fathom what was going on, my mental state at the time.

However, despite Miller's testimony he was not thinking clearly at the time of his plea due to his health issues and personal matters, the record reveals the

opposite. Miller conceded the court "ask[ed] [him] questions" during the plea hearing and he "remember[ed] answering some of them." Indeed, during the plea hearing, the court went to great lengths and asked a series of questions to ensure that Miller's plea was knowingly and voluntarily made, despite Miller's "medications or any physical or emotional difficulties." Counsel recalled Miller appeared "lucid," able to understand questions, and able to "respond back in appropriate way" at the plea hearing. When asked whether Miller's medical condition at the time of the plea hearing impacted Miller's ability "to know what was going on," counsel responded, "Not regarding his ability to absorb and understand information, but he did make some statements regarding wanting to make sure that the jail was aware of his medical conditions and medications." Counsel further testified he has had "many occasions to deal with older people in [his] representation."[1] Counsel explained, in those representations, if he "feel[s] that they're not tracking" with him in conversations, then he "will shift into some questions like do they know what day it is, do they know why they're at court, do they remember [him]." But counsel "d[id]n't recall having any of those concerns that day in talking with Mr. Miller."

When an applicant's assertions concerning the knowing and intelligent nature of a guilty plea are directly contradicted by the record, "the applicant bears a special burden to establish that the record is inaccurate." *Arnold v. State*, 540 N.W.2d 243, 246–47 (Iowa 1995). Miller has not met that burden. As the PCR court found:

> The record made at the guilty plea clearly supports [the plea court]'s finding that [Miller]'s guilty plea was knowingly and voluntarily

---

[1] Miller was seventy-eight years old at the time of his guilty plea.

made. A review of the guilty plea colloquy shows that [Miller] understood the proceeding and his provided answers to all questions were responsive and made sense. Furthermore, [Miller] has not presented any evidence in the form of medical records, testimony, or opinions that establish that [Miller] was in such a condition to render him unable to knowingly and voluntarily enter a plea of guilty.

We affirm the court's denial of Miller's claim.

*C. Ineffective Assistance of PCR Counsel.* Miller claims PCR counsel was ineffective in failing to call a medical expert on the issue of whether he was able to enter a guilty plea knowingly and voluntarily. A "narrow exception" allows us to reach the merits of a claim PCR counsel was ineffective—if the existing record is sufficiently developed to allow resolution. *See Goode v.* State, 920 N.W.2d 520, 526 (Iowa 2018). Here, we note Miller does not allege but for counsel's claimed errors, he would not have pleaded guilty and would have insisted on going to trial. *See Carroll*, 767 N.W.2d at 641.

Given the lack of record and the lack of any specifics about how counsel's performance was inadequate or how competent representation would have changed the outcome, we can neither rule on nor preserve Miller's claim. *See Brown v. State*, No. 22-0459, 2023 WL 3335384, at *4 (Iowa Ct. App. May 10, 2023) ("We only 'preserve' claims of ineffective assistance of PCR counsel for future proceedings when they meet the same standard of 'stat[ing] the specific ways in which counsel's performance was inadequate and identify[ing] how competent representation would have changed the outcome.'" (alterations in original) (citation omitted)). Miller has not stated any specific ways the outcome would have been different if a medical expert had testified. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) ("The applicant must state the specific ways in

which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome."). Miller cannot show a basis for his ineffective assistance claim or that he was prejudiced. *See Stockdall v. State*, No. 23-0164, 2023 WL 8801641, at *4 (Iowa Ct. App. Dec. 20, 2023).

Miller also claims PCR counsel was ineffective "for failing to present any evidence on the untimely appeal."[2] The record is adequate to address this claim, and we reject it. Miller had no right of direct appeal from his guilty plea, and accordingly, PCR counsel had no duty to raise this meritless claim. *See* Iowa Code §§ 814.6(1)(a)(3) (2022) (stating a defendant has no right to appeal a conviction following a guilty plea without good cause), 814.7 (stating ineffective-assistance-of-counsel claims cannot be decided on direct appeal); *see also Dudley v. State*, No. 21-0354, 2022 WL 244851, at *6 (Iowa Ct. App. Jan. 27, 2022) ("PCR counsel had no duty to pursue meritless claims and no prejudice resulted by his failure to do so.").

**AFFIRMED.**

---

[2] Following Miller's guilty plea, the district court entered judgment and sentence on May 25, 2022. Miller filed a direct appeal on June 27, and later filed a motion for delayed appeal. On September 1, our supreme court denied the request for a delayed appeal and dismissed Miller's appeal.